# EXHIBIT B

## Proposed Final Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) Re: D.I. _____ |
| | ) |

**FINAL ORDER AUTHORIZING DEBTORS TO (A) PAY CERTAIN
PREPETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES,
(B) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS,
AND (C) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "Motion")[2] of Prommis Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (the "Final Order") authorizing the Debtors (a) to pay certain prepetition wages, salaries and other compensation, taxes, withholdings and reimbursable employee expenses, (b) to pay and honor obligations relating to medical and other benefits programs, (c) to continue their employee benefits programs on a postpetition basis, and (ii) authorizing financial institutions to receive,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); Interface Inc. (9903); and Prommis Homeownership Solutions, Inc. (0569). The location of the Debtors' headquarters and the Debtors' service address is 400 Northridge Road, Atlanta, Georgia, 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

process, honor and pay all checks presented for payment and electronic payment requests related to the foregoing; and upon the First Day Declaration and the Court having entered an interim order approving the Motion on an interim basis on _____, 2013 (the "Interim Order") [Docket No. \_\_ ] and the Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that relief requested in the Motion is necessary to prevent immediate and irreparable harm; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

    1.    The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized to pay and honor all prepetition obligations associated with the Employee Obligations and to continue the Employee Benefit Plans in the ordinary course of business to the extent requested in the Motion.

3. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are authorized to continue to honor their obligations, including any prepetition obligations to Employees for Reimbursable Expenses, and Relocation Expenses in accordance with the Debtors' stated policies and prepetition practices.

5. The Debtors are authorized to honor the Employee Benefit Programs, including, without limitation, the: (a) Health Care Plan; (b) Flexible Spending Accounts; (c) Workers' Compensation Program; (e) Paid Time Off; (f) 401(K) Retirement Plan; (g) Life, Disability, and Accident Insurance Coverage; (h) short- and long-term disability benefits; (i) Employee Assistance Program; and (j) Tuition Expenses; and to make any necessary contributions to such programs and pay any unpaid premium, claim or amount owed as of the Petition Date with respect thereto.

6. The Debtors are authorized to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Employee Obligations.

7. The Debtors are authorized, but not directed, to maintain and honor, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and in the Debtors' sole discretion, the Severance Program postpetition with respect to the Debtors' non-insiders in accordance with the Debtors' past practices subject to any limitations under Bankruptcy Code section 503(c)(2).

8. The Debtors are authorized to pay all remaining unpaid severance obligations to former non-insider employees pursuant to the Severance Plan, <u>provided</u>, <u>however</u> that the Debtors may not make severance payments on account of prepetition unpaid severance obligations in excess of the $11,725 cap imposed by Bankruptcy Code section 507(a)(4).

9. In accordance with this Final Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the Employee Obligations is directed to honor checks presented for payment and all fund transfer requests made by the Debtors related to the Employee Obligations to the extent that sufficient funds are on deposit in such accounts.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Obligations authorized to by paid by this Final Order.

11. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Obligations.

12. Pursuant to Bankruptcy Code Section 362(d), (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the Automatic Stay pertains solely to claims under the Workers' Compensation Program.

13. Nothing contained in the Motion or this Final Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors.

14. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

Dated: April __, 2013

                                             _____
                                             The Honorable Brendan Linehan Shannon
                                             United States Bankruptcy Judge