## Exhibit A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) <br> ) |
| Debtors. | ) (Joint Administration Requested) <br> ) <br> ) **Related D.I.** _____ |

## INTERIM ORDER AUTHORIZING THE DEBTORS
## TO (A) CONTINUE PREPETITION INSURANCE COVERAGE
## AND (B) MAINTAIN FINANCING OF INSURANCE PREMIUMS

Upon the motion (the "Motion")[2] of Prommis Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") authorizing, but not directing, the Debtors to (a) continue to maintain prepetition insurance policies and programs, including payment of any prepetition amounts related to those policies and programs; (b) revise, extend, renew, supplement, change such insurance policies and programs, or enter into new policies, as needed in the ordinary course of business; and (c) maintain the prepetition financing agreement with Flat Iron Capital and revise, extend, renew, supplement, change such financing agreement, or enter into new agreements, as needed in the ordinary course of business; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); Interface Inc. (9903); and Prommis Homeownership Solutions, Inc. (0569). The location of the Debtors' headquarters and the Debtors' service address is 400 Northridge Road, Atlanta, Georgia, 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Final Hearing shall be held on _____, 2013 at ___:___ a.m./p.m. prevailing Eastern Time. Any objections or responses to the Motion shall be filed on or before _____, 2013 at 4:00 p.m. prevailing Eastern Time, and served on: (i) the Office of the United States Trustee for the District of Delaware; (ii) Prommis Holdings, LLC, 400 Northridge Road, Atlanta, Georgia, 30350, Attn.: General Counsel; (iii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Christopher J. Marcus and David S. Meyer; (iv) proposed counsel to the Debtors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE 19801, Attn: Steven K. Kortanek; and (v) proposed counsel to any official committee appointed in these chapter 11 cases.

3. The Debtors are authorized, but not directed, to pay any prepetition amounts due and owing in connection with the Policies not financed under the Financing Agreement in an amount not greater than $30,000.00, such limitation on payment of amounts due and owing in connection with the Policies shall not apply to amounts paid prior to the Petition Date that have not cleared.

4. The Debtors are also authorized, but not directed, to maintain financing of insurance premiums, including payment of any prepetition amounts due in the 21-day period following the Petition Date under the Financing Agreement, in an amount not greater than $45,000, such limitation on payment of prepetition amounts due and owing in connection with the Financing Agreement shall not apply to amounts paid prior to the Petition Date that have not cleared.

5. In accordance with this Interim Order, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, and have no duty to inquire otherwise.

6. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract,

or lease pursuant to Bankruptcy Code section 365 or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

8. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), or otherwise, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Date: March _____, 2013

_____
The Honorable Brendan Linehan Shannon
United States Bankruptcy Judge