Exhibit B

Proposed Final Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) Re: D.I. _____ |
| | ) |

**FINAL ORDER DETERMINING ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES**

Upon the motion (the "Motion")[2] of Prommis Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Order") determining adequate assurance of payment for future utility services, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); Interface Inc. (9903); and Prommis Homeownership Solutions, Inc. (0569). The location of the Debtors' headquarters and the Debtors' service address is 400 Northridge Road, Atlanta, Georgia, 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The following Adequate Assurance Procedures are approved:

   a. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "Additional Assurance Request") upon (i) Prommis Holdings, LLC, 400 Northridge Road, Atlanta, Georgia, 30350, Attn.: General Counsel; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Christopher J. Marcus and David S. Meyer; (iii) proposed counsel to the Debtors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE 19801, Attn: Steven K. Kortanek; and (iv) proposed counsel to any official committee appointed in these chapter 11 cases (collectively, the "Notice Parties").

   b. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past twelve (12) months; (v) certify that it currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   c. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have twenty-one (21) days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

   d. The Debtors may resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court,

2

    and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

e. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to Bankruptcy Code section 366(c)(3).

f. Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Debtors' Adequate Assurance.

g. The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

3. This Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed a finding of fact, conclusion of law or order with respect to: (a) the validity of any claim against a Debtor; (b) the priority or type of claim against a Debtor; or (c) the assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365.

5. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Dated: April __, 2013

                                                   The Honorable Brendan Linehan Shannon
                                                   United States Bankruptcy Judge