IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: D.I.** _____ |
| | ) |

## ORDER GRANTING MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THEM TO (I) PERFORM CERTAIN CUSTOMER PROGRAM OBLIGATIONS AND (II) HONOR OR PAY RELATED PREPETITION OBLIGATIONS

Upon the motion (the "Motion")[2] of Prommis Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to (i) maintain the McCalla Raymer Customer Program and (ii) honor or pay related prepetition obligations, all as more fully set forth in the Motion, all as more fully set forth in the Motion; and upon the Declaration of Charlie Piper filed in support of the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); Interface Inc. (9903); and Prommis Homeownership Solutions, Inc. (0569). The location of the Debtors' headquarters and the Debtors' service address is 400 Northridge Road, Atlanta, Georgia, 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for an expedited interim hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted, subject to Del. Bank. L.R. 9013-1(m)(v).

2. The Debtors are authorized, in their sole discretion, to continue the Customer Program.

3. The Debtors are authorized, in their sole discretion, to satisfy all Program Obligations in an aggregate amount not to exceed $335,000. The Debtors are authorized, in their sole discretion, to honor and fulfill all such Program Obligations in the ordinary course of business.

4. Wells Fargo is authorized, when requested by the Debtors, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, Program Obligations, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. Wells Fargo is authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

5. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim against the Debtors would constitute a claim for a Program Obligation; or (e) the assumption, or request to assume, any executory contract or unexpired lease under Bankruptcy Code section 365.

6. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

7. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to implement, enforce, and interpret this order.

Dated: _____, 2013

_____
The Honorable Brendan Linehan Shannon
United States Bankruptcy Judge