IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 10, 29 and 144** |

**FINAL ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE
USING THEIR CASH MANAGEMENT SYSTEM, BANK ACCOUNTS,
AND BUSINESS FORMS, (B) MAINTAIN EXISTING INVESTMENT PRACTICES; (C)
CONTINUE INTERCOMPANY TRANSACTIONS, AND (D) GRANTING
INTERCOMPANY CLAIMS ADMINISTRATIVE PRIORITY**

Upon the motion (the "Motion")[2] of Prommis Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order") authorizing the debtors to (a) continue using their existing cash management system, bank accounts, and business forms, (b) maintain existing investment practices; (c) performing ordinary course intercompany transactions, and (d) provide postpetition intercompany claims administrative expense priority, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); Interface Inc. (9903); and Prommis Homeownership Solutions, Inc. (0569). The location of the Debtors' headquarters and the Debtors' service address is 400 Northridge Road, Atlanta, Georgia, 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that relief requested in the Motion is necessary to prevent immediate and irreparable harm; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized to continue using their Cash Management System as described in the Motion.

3. The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including, without limitation, those accounts identified on Exhibit C to the Motion; (b) use, in its present form, all correspondence and business forms including, but not limited to, letterhead, purchase orders, and invoices, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to their status as debtors in possession; provided, however, that upon depletion of the Debtors' correspondence and business forms, the Debtors will obtain new business forms reflecting their status as debtors in possession; and provided, further, however, that as soon as practicable after the Petition Date, the Debtors will

note their status as "debtors in possession" on checks that are electronically printed; and (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession.

4. Except as otherwise expressly provided in the Interim Order, the Banks are authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided that the Banks shall be authorized and directed to honor all disbursements from the Disbursement Account without regard to whether such disbursements are made in consideration of payment for obligations accrued before or after the Petition Date; provided, further, however, that the Banks shall not be liable to any party on account of (a) following the Debtors instructions or presentations as to any order of this Court, (b) the honoring of any prepetition checks, drafts, wires, or automatic clearing house transfers in a good faith belief that this Court has authorized such prepetition check, draft, wire, or automatic clearing house transfer, or (c) an innocent mistake made despite implementation of reasonable handling procedures.

5. The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors will provide notice to the U.S. Trustee and any official committee appointed in these cases within fifteen (15) days of the opening and closing of any bank accounts; provided, further that the Debtors may only open a new bank account with a bank designated as an Authorized Depository under the U.S. Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee. Subject to the foregoing, the Banks are authorized and directed

to honor the Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts effective as of the Petition Date.

6. For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact each Bank, (b) provide the Bank with each of the Debtors' employer identification numbers and (c) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a bankruptcy case.

7. For any Bank that is not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware at which the Debtors hold an account, the Debtors shall use their good-faith efforts to cause such Bank to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

8. The Debtors are authorized to direct the Banks, and the Banks are authorized and directed, to pay obligations in accordance with this or any separate order of this Court.

9. Except as otherwise provided in this Order or in a separate order of this Court, all Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued prior to the Petition Date.

10. As soon as practicable after the entry of this Order, the Debtors shall serve a copy of this Order on those Banks that make disbursements pursuant to the Debtors' Cash Management System.

11. The Debtors are granted a sixty (60) day extension of time to comply with the investment and deposit requirements of Bankruptcy Code section 345, which extension is without prejudice to the Debtors' ability to seek a final waiver of those requirements.

12. The Debtors are authorized to continue performing under and honoring the Intercompany Transactions; provided, however, that any such transaction must be permitted under the terms of any order authorizing use of cash collateral and the Debtors shall keep records of any postpetition Intercompany Transactions and services that occur during these chapter 11 cases.

13. All Intercompany Claims arising after the Petition Date shall be accorded administrative expense priority in accordance with Bankruptcy Code sections 503(b) and 507(a)(2).

14. Except as otherwise provided in this Order or in a separate order of this Court, all Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued prior to the Petition Date.

15. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

16. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

Dated: April 25, 2013

_____
The Honorable Brendan Linehan Shannon
United States Bankruptcy Judge

WCSR 7746201v2