IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In Re:                                      CHAPTER 11

EC CLOSING CORP. et al.                     Case #13-11619-BLS

              Debtors

_____

LEON CODY and                              NOTICE OF FILING OF MOTION

DARLENE CODY                               FOR RELIEF FROM THE

              Movants                      AUTOMATIC STAY AND

vs.                                        REQUIREMENT TO FILE AN

EC CLOSING CORP. F/K/A                      OBJECTION.

CAL-WESTERN RECONVEYANCE CORP.

_____

NOTICE IS GIVEN that the above movant has filed a motion requesting relief from the automatic

stay, the details of which are as follows:  NON-MONETARY.

FURTHER NOTICE IS GIVEN that pursuant to Bankruptcy Rule 4001 if no written objection is

filed with the Court and a copy served on Movant whose address is:

                    LEON CODY

                    P.O.BOX 1835

                    WEAVERVILLE, CALIF. 96093

WITHIN 14 DAYS of service of the motion, the motion for relief from the automatic stay may be

granted without further hearing.


Dated_7-9-13_____        signed_____

                    LEON CODY in pro per


1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE



In re:                                    Chapter 11

EC Closing Corp., et al

        Debtor.                   Case no. 13-11619-BLS

---

### MOTION OF LEON CODY FOR RELIEF FROM THE AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. 363(d)(1)

Leon Cody,(Movant), in pro per, hereby moves (the "Motion") this Court for an order granting Leon Cody relief from the automatic stay imposed by section 363 of title 11 of the United States Code (the "Bankruptcy Code").In support of the Motion, Movant respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. 157(b). Venue of this case in this district is proper pursuant to 28 U.S.C. 1408 AND 1409. The statutory predicates for the relief sought herein include, without limitation , sections 105, 361, 362(d)(1), and 363(e) of the Bankruptcy Code, and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules").

### BACKGROUND

2. On March 4, 2013  Leon Cody filed an action against Cal-Western Reconveyance Corp. a/k/a EC Closing Corp. requesting a Quiet Title in favor of Movant and against Respondent, who filed a Declaration of Non- Monetary Status. (exhibit 1). Co-Defendants demurred and Movant amended the complaint on  June 13, 2013.

3. June 28, 2013 Respondent filed a Notice of Stay of Proceedings in the Trinity County California Superior Court as to Case # 13cv011.

1

## RELIEF REQUESTED

4.   Leon Cody respectfully requests that this Court grant him relief from the automatic stay to permit him to continue the action as to Quiet Title against Cal-Western Reconveyance Corp.

## BASIS FOR RELIEF REQUESTED

5.   Leon Cody is entitled to relief from the automatic stay under the standards enumerated in section 362(d) of the Bankruptcy Code. Section 363(d) is written in the disjunctive and provides for relief from the automatic stay if a creditor can show cause, or establish that the debtor has no equity in the property and that the property is not necessary for an effective reorganization. *See, e.g., Nazareth National Bank v. Trina-Dee, Inc.,731 F.2d 170, 171(3d Cir. 1984)*. Relief from the automatic stay is appropriate under either section 362(d)(1) or 362(d)(2) of the Bankruptcy Code.

6.   In a hearing for relief from the automatic stay under section 363 of the Bankruptcy Code , the moving party has the initial burden of proving that "cause" exists. *See in re: New York Medical Group , P.C., 265 B.R.408,413 (Bankr. S.D.N.Y.,2001)(citing Mazze v. Lenhart, 167 F3d. 139, 142 (2d Cir. 1999); Sonnax Industries, Inc. v. Tri Component products Corp. 907 F2d. 1280, 1285(2d. Cir. 1990)*. Once the initial showing is made, the party opposing the relief from the automatic stay has the ultimate burden of disproving the existence of "cause". *See 11U.S.C. 362(g)(2)*.

7.   The term "cause" as referenced in section 362(d)(1) is not defined in the Bankruptcy Code, and whether "cause" to lift the stay exists should be determined on a case-by-case basis. *See Sonnax Inds. 907F.2d at 1286; Izzarelli v Rexene Products Co.,141 B.R. 574, 576 (Bankr. D. Del 1992)*. " Cause" for modification of the automatic stay, "is an intentionally broad and flexible concept that permits ...a bankruptcy court , as a court of equity, to respond to inherently fact sensitive situations" *Texas State Optical. Inc., 188 B.R. 552,556 (Bankr. E.D. Tex. 1995)*. Accordingly, courts determine what constitutes "cause" based on the totality of the circumstances in each particular case. *Baldino*

*v Wilson,* 116 F. 3d 87, 90 (3d Cir. 1997) (*citing Trinent Assoc. Ltd. Partnership v Metropolitan Life Insurance Co.,* 52 F 3d. 127, 131 (6th Cir. 1995); *Peregrine Systems Inc.,* No. 04-1325, 2005 WL 2401955, at *1 (Bankr. D.Del. June 16, 2004).

8.  Under the totality of circumstances standard, courts often consider the hardship or prejudice to the non-debtor in determining whether to lift the automatic stay. *See Atlantic Marine, Inc. v American Voyages, Co.,* 298B.R. 222,225 (D. Del 2003); *Matter of Pursuit Athletic Footwear,Inc.,* 193 B.R. 713, 718 (Bankr D. Del. 1996); *In re:Block Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr. N.D. OH 1984) ( Courts have developed a balancing test, whereby the interest of the estate are weighed against the hardship that will be incurred by the creditor-plaintiff."), *See also Milne v Johnson* 185 B.R.280, 283 (N.D. Ill. 1995) ( stating that a court should look into whether, *inter alia,* there will be injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and weigh the proportionality of harms).

9.  Here "cause" exists to grant movant relief from the automatic stay.

10. WHEREFORE, for the reasons set forth herein, Leon Cody respectfully requests that this Court enter an order in form the attached and granting the relief requested herein and such other and further relief as the Court deems just and proper.

Leon Cody in pro per
2000 Main Street
P.O.Box 1835
Weaverville, California 96093
Telephone (530) 623-2007

3

# EXHIBIT 1

1  WRIGHT, FINLAY & ZAK, LLP
2  Robin Prema Wright, Esq., SBN 150984
   Yelena Cayton, Esq., SBN 258380
3  4665 MacArthur Court, Suite 280
   Newport Beach, CA 92660 (Cody, Leon / Declaration of Non-Monetary Status)
4  Tel. (949) 477-5050; Fax (949) 477-9200
5  rwright@wrightlegal.net ; hcayton@wrightlegal.net;

6  Attorneys for Defendant,
   CAL-WESTERN RECONVEYANCE CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF TRINITY

10

11 LEON AND DARLENE CODY,               ) Case No.: 13CV011
                                        )
12                   Plaintiffs,        ) **DECLARATION OF NON-MONETARY**
                                        ) **STATUS BY DEFENDANT CAL-**
13    vs.                               ) **WESTERN RECONVEYANCE**
                                        ) **CORPORATION**
14 BANK OF AMERICA CORPORATION,         )
   NATIONSTAR MORTGAGE, LLC,            ) *[Civil Code 2924l]*
15 MORTGAGE ELECTRONIC                  )
   REGISTRATION SYSTEMS, INC., CAL-     )
16 WESTERN RECONVEYANCE                 )
   CORPORATION, AND ALL PERSONS         )
17 UNKNOWN, CLAIMING ANY LEGAL OR       )
   EQUITABLE RIGHT, TITLE, ESTATE,      )
18 LIEN, OR INTEREST IN THE PROPERTY    )
   DESCRIBED IN THE COMPLAINT           )
19 ADVERSE TO PLAINTIFF'S TITLE, OR     )
   ANY CLOUD ON PLAINTIFF'S TITLE       )
20 THERETO; and DOES 1-20, INCLUSIVE,   )
21                                      )
                                        )
22                   Defendants.        )
                                        )
23
24

25      I, Yvonne J. Wheeler, declare and state as follows:

26      1.      I am Asst. Vice President for Defendant, Cal-Western Reconveyance Corp.,

27 ("Cal-Western" or "Defendant") in the above-referenced action.  I have personal knowledge

28

                                    -1-

1  of the facts set forth herein, and if called upon to do so, I would and could competently testify

2  thereto.

3      2.      On March 4, 2013, Plaintiffs, Leon and Darlene Cody, ("Plaintiffs"), filed a

4  Complaint ("Complaint") in the Trinity County Superior Court for Negligence; Fraud;

5  Cancellation of a Voidable Contract; To Void or Cancel Assignment of Deed of Trust;

6  Wrongful Foreclosure; Breach of the Implied Covenant of Good Faith and Fair Dealing;

7  Unjust Enrichment; Violation of California Business and Professions Code 17200 (et seq.);

8  and Quiet Title. Cal-Western is simply the foreclosure trustee ("Trustee"), with the power to

9  foreclose on the property that arises from the Deed of Trust securing the loan.

10      3.      Based on my review of Plaintiffs' Complaint, it is my reasonable belief that

11  Cal-Western has been named in this action solely in its capacity as Trustee, and not arising

12  out of any wrongful acts or omissions on its part in the performance of its duties as Trustee.

13  The basis for my reasonable knowledge or belief set forth above is that Cal-Western has not

14  been involved in any way with the property which is the subject of this lawsuit outside of its

15  capacity as Trustee, and has no interest in the property, except to be named as the Trustee

16  under the deed of trust encumbering the property by way of Substitution of Trustee. Attached

17  as Exhibit "A", is a copy of the recorded Substitution of Trustee. The trustee's conduct,

18  including the recording of the substitution of trustee and foreclosure notices, is *privileged*

19  pursuant to *Civil Code* §§47 and 2924(d).

20      4.      I am not aware of any evidence produced to date by Plaintiffs or the remaining

21  Defendants, or of any facts, documents, or testimony tending to suggest that Cal-Western

22  engaged in any misconduct in connection with the performance of its duties as Trustee.

23  Pursuant to *Civil Code* §2924(b) the foreclosure trustee incurs no liability for reliance in good

24  faith on information provided in good faith by the beneficiary regarding the nature and

25  amount of the default under the secured obligation. Further, pursuant to *Civil Code* §2924(b),

26  foreclosure trustees are not subject to the California Rosenthal Act.

27      5.      The Complaint makes no credible allegations that Cal-Western failed to

28  perform any of its duties as a Trustee, and a review of Cal-Western's file confirms that Cal-

-2-

1  Western complied with the applicable foreclosure statutes.  None of the remaining

2  Defendants filed a Cross-Complaint against Cal-Western alleging any defect in the

3  performance of its duties as trustee, either under the Deed of Trust, or the applicable statutes

4  set forth in *Civil Code* §2924, et seq.

5        6.     Given the foregoing facts, Cal-Western hereby agrees to be bound by

6  whatever non-monetary Order or Judgment that this Court issues with regard to the Deed of

7  Trust which is the subject of this lawsuit.

8       I declare under penalty of perjury under the laws of the State of California that the

9  foregoing is true and correct.

10       Executed this 11th day of April, 2013, at El Cajon, California.

11

12

13                                  Yvonne J. Wheeler, Declarant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF NON-MONETARY STATUS

# EXHIBIT "A"

RECORDING REQUESTED BY:   SERVICELINK·

AND WHEN RECORDED MAIL TO:

Pite Duncan, LLP
4375 Jutland Drive
San Diego, CA 92117

```
Doc # 201300018
Page 1 of 1
Date: 1/2/2013 11:58A
Filed by: DOCUMENT PROCESSING SOLUTIONS
Filed & Recorded in Official Records
of TRINITY COUNTY, CA
DEANNA L BRADFORD
COUNTY CLERK-RECORDER
Fee: $14.00
```

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

## SUBSTITUTION OF TRUSTEE

1288453

T.S. NO.:1371416-20

WHEREAS, LEON CODY, AND DARLENE CODY, HUSBAND AND WIFE was the original Trustor, RECONSTRUST COMPANY, N.A. was the original Trustee, and COUNTRYWIDE BANK, FSB was the original Beneficiary under that certain Deed of Trust dated March 26, 2008 and recorded on April 11, 2008 as Instrument No. 200801125, in book XXX, page XXX of Official Records of TRINITY County, California, and WHEREAS, the undersigned is present Beneficiary under said Deed of Trust, and WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in the place and stead of present Trustee thereunder, in the manner in said Deed of Trust provided.

NOW, THEREFORE, the undersigned hereby substitutes, CAL-WESTERN RECONVEYANCE CORPORATION whose address is 525 EAST MAIN STREET, P.O. BOX 22004, EL CAJON, CA, 92022-9004 as Trustee under said Deed of Trust. Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated 12-18-12                               NATIONSTAR MORTGAGE, LLC

_____ 12-18-12
Kiandra Gildon- Assistant Secretary

State of Texas
County of Denton
This instrument was acknowledged before me on 12-18-12
By Kiandra Gildon
Title Assistant Secretary
Of corporation Nationstar Mortgage LLC.
A Delaware corporation, on behalf of said corporation.

_____ Notary Public:
Printed name:   Allison J Fries
My commission expires: 5·31·15

ALLISON J FRIES
Notary Public, State of Texas
My Commission Expires
May 31, 2015

SUBCAPD.DOC                                                          Page 1 of 1

## EXTRAORDINARY RELIEF ATTACHMENT (*OPTIONAL*)

Movant: <u>LEON CODY</u>

*(This attachment is the continuation page for paragraph <u>  10  </u> of the Relief From Stay Motion)*

Based upon evidence of efforts by Debtor or others acting in concert with Debtor to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the Debtor for a period of 180 days from the hearing of this Motion
   ☒ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☒ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☒ That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor may be
   ☒ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☒ That the Debtor be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. ☒ That the Sheriff or Marshal may evict the Debtor and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
   ☒ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☐ Other (*specify*):

---

This form is optional to the judge and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion. Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.

1    Leon Cody in pro per

2    2000 MAIN STREET/P.O.BOX 1835

3    WEAVERVILLE, CA. 96093

4

5                          SUPERIOR COURT OF CALIFORNIA

6                               COUNTY OF TRINITY

7

8    LEON CODY and

9    DARLENE CODY,

10          Plaintiffs,                              CASE NO. 13CV011

11       vs.                                  OPPOSITION TO MOTION FOR

12   BANK OF AMERICA CORPORATION;            AUTOMATIC STAY ORDER

13   BANK OF AMERICA N.A.;

14   NATIONSTAR MORTGAGE, LLC;

15   MORTGAGE ELECTRONIC

16   REGISTRATION SYSTEMS, INC;

17   CAL-WESTERN RECONVEYANCE CORP.

18          Defendant

19   _____

20       Leon Cody ,in pro per, moves this Court for an order granting Plaintiffs relief from the automatic

21   stay as per the motion filed with the UNITED STATES BANKRUPTCY COURT FOR THE

22   DISTRICT OF DELAWARE.

23

24   Dated 7-9-13                         Signed _____

25                                              Leon Cody

26

27

28                                      1