IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMMIS HOLDINGS, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-10551 (BLS)<br><br>(Jointly Administered)<br><br>Re: D.I. 510, 533, 565, 566, and 580 |

## AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a) AND 362 EXTENDING THE AUTOMATIC STAY TO CERTAIN LITIGATION AGAINST NON-DEBTOR DEFENDANTS

Upon the motion (the "Motion")[2] of Prommis Holdings, LLC and certain of its subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order extending the Automatic Stay pursuant to sections 105(a), and 362 of title 11 of the United States Code (the "Bankruptcy Code"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); EC Closing Corp. (8580); EC Posting Closing Corp. (9995); EC Mailing Corp. (f/k/a Interface Inc.) (9903); Prommis Homeownership Solutions, Inc. (0569); and EC Closing Corp. of Washington (2552). The location of the Debtors' headquarters and the Debtors' service address is 400 Northridge Road, Atlanta, Georgia, 30350.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is granted as set forth herein.

2. The protection afforded by the Automatic Stay provided in Bankruptcy Code section 362 is hereby extended to the Third-Party Defendants identified on Exhibit 1 hereto. The Actions, as well as any discovery in connection therewith directed to the Third-Party Defendants and/or any of the Debtors, are hereby stayed until such time as the Automatic Stay is lifted. Nothing contained herein shall limit the right of any party to seek to have the Automatic Stay lifted at any time.

3. Notwithstanding the foregoing, the automatic stay provided by 11 U.S.C. § 362 is hereby lifted and annulled to the extent necessary to allow Donald L. Crawford Sr., dba Drachma Enterprises, James Wilson, and Sharon Wilson (collectively, the "Crawford Plaintiffs") to pursue claims in that certain lawsuit that was pending in the United States District Court Central District of California styled <u>Crawford dba Drachma Enter. v. Prommis Solutions, LLC dba Cal-Western Reconveyance Corp.</u>, Case No. 2:12-cv-10598-DSF-VBK (now remanded back to state court, Los Angeles Superior Court case no. BC 486 242 referred to as the "Crawford Action") as follows:

    a. the Crawford Plaintiffs may seek declaratory relief against Cal-Western Reconveyance Corporation in the Crawford Action, such as a declaration that, as alleged by the Crawford Plaintiffs, one or more instruments or actions involving Cal-Western Reconveyance Corporation were improper or otherwise of no legal or equitable effect; <u>provided, however,</u> that no injunctive or other

equitable relief may be sought or granted as against Cal-Western Reconveyance Corporation in the Crawford Action, including, but not limited to the entry of any order demanding or requiring that Cal-Western Reconveyance Corporation take any action or turnover any property, inasmuch as Cal-Western Reconveyance Corporation has no legal or equitable interest in the underlying property or proceeds of any sale, and served merely as an agent of a foreclosing lender;

b.  to the extent that any verdict, judgment or settlement establishing monetary liability is obtained in favor of the Crawford Plaintiffs and against Cal-Western Reconveyance Corporation, and to the extent that Cal-Western Reconveyance Corporation has liability insurance available that would cover any of the Crawford Plaintiffs' claims, the Crawford Plaintiffs may take action to collect upon any such insurance as may be available under any such insurance policy without further proceedings before this Court;

c.  any verdict or judgment or settlement for a monetary award against Cal-Western Reconveyance Corporation, to the extent not satisfied by any Cal-Western Reconveyance Corporation insurance (if any), shall serve solely to liquidate the unsatisfied amount of the Crawford Plaintiffs' claim against Cal-Western Reconveyance Corporation, if any, provided, however, that any claim for punitive damages shall be subordinate in right of payment to allowed unsecured claims pursuant to 11 U.S.C. § 726(a)(4); and

d.  the Crawford Plaintiffs' claims asserted against Susan Smothers and Rosalyn Hall were asserted based on alleged acts taken within the scope of their employment with the Debtors, and as such, pending further order of this

court, no judgment or relief, other than declaratory relief, may be sought or granted as to either such individual defendant in the Crawford Action.

        e.      Cal-Western Reconveyance Corporation, a named defendant in the Crawford Action, will not defend in the Crawford Action in its own right (subject to the enforcement of the restrictions contained in this order with respect to relief from the automatic stay) and has not authorized or directed any counsel or other party to continue to defend on its behalf. With respect to counsel of record for Cal-Western Reconveyance Corporation in the Crawford Action before Cal-Western Reconveyance Corporation commenced its bankruptcy case, to wit, Pite Duncan, LLP, such counsel has not been authorized by the Bankruptcy Court to continue to represent Cal-Western Reconveyance Corporation, and Cal-Western Reconveyance Corporation has not sought such authority in the Bankruptcy Court as required by the Bankruptcy Code. Therefore, no prior counsel of record should be required or permitted to continue to act to defend Cal-Western Reconveyance Corporation in the Crawford Action (subject to any determination by the court presiding in the Crawford Action that regardless of such circumstances, an entity defendant requires counsel of record).

4.      Notwithstanding the possible application of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this order shall be effective and enforceable immediately upon entry hereof.

5.      The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this order.

Dated: Wilmington, Delaware
       September 17, 2013

THE HONORABLE BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE