IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Docket Ref. No. 674** |

## NOTICE OF FILING OF PLAN SUPPLEMENT TO THE DEBTORS' PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby file their Plan Supplement, pursuant to the Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (the "Plan"). Pursuant to the Plan, the designated Management Representative referred to in § 1.65 of the Plan will be Charles T. Piper.

Dated:  December 13, 2013

WOMBLE CARLYLE SANDRIDGE
& RICE, LLP

*/s/ Steven K. Kortanek*
Steven K. Kortanek (DE Bar No. 3106)
Thomas M. Horan (DE Bar No. 4641)
Ericka F. Johnson (DE Bar No. 5024)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: skortanek@wcsr.com
E-mail: thoran@wcsr.com
E-mail: erjohnson@wcsr.com

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are:  Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); EC Mailing Corp. (f/k/a Interface Inc.) (9903); Prommis Homeownership Solutions, Inc. (0569); EC Closing Corp. (8580); EC Posting Closing Corp. (9995); and EC Closing Corp. of Washington (2552).  The Debtors' address is P.O. Box 767427, Roswell, Georgia 30076.

-and-

**KIRKLAND & ELLIS LLP**
Christopher Marcus, P.C. (*pro hac vice*)
David S. Meyer (*pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
E-mail: christopher.marcus@kirkland.com
E-mail: david.meyer@kirkland.com

*Counsel to the Debtors and Debtors-in-Possession*

WCSR 31559346v2

## TABLE OF CONTENTS

| DOCUMENT TITLE: | EXHIBIT NUMBER: |
| --- | --- |
| Liquidating Trust Agreement | 1 |

**Exhibit 1**

## LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement is made as of the Effective Date (defined below), by and between Prommis Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors"),[1] and Huron Consulting Services, LLC, as trustee (the "Liquidating Trustee").[2]

## RECITALS

WHEREAS, on March 18, 2013 (the "Prommis Petition Date"), each of the Prommis Debtors filed voluntary petitions under Chapter 11 of the title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on June 25, 2013 (the "EC Petition Date" and together with the Prommis Petition Date, the "Petition Dates"), each of the EC Debtors filed a petition with the Bankruptcy Court under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors filed their Plan of Liquidation Under Chapter 11 of the Bankruptcy Code on November 13, 2013 (as may be amended, the "Plan"); and

WHEREAS, the Plan was confirmed by the Bankruptcy Court by Order entered on December [ __ ], 2013 (the "Confirmation Order"); and

WHEREAS, the Plan's Effective Date occurred on [ _____ ], (the "Effective Date"); and

WHEREAS, the Plan contemplates, on the Effective Date, (a) the creation of a liquidating trust (the "Liquidating Trust") and the creation of beneficial interests in the Liquidating Trust of holders of Allowed Claims in Classes 3, 5A and 5B of the Plan, respectively (collectively, the "Beneficiaries" and, each individually, a "Beneficiary"), and (b) the Liquidating Trust will be vested with all of the Debtors' right, title and interest in all property and assets of the Debtors remaining after distributions are made on the Effective Date by the Debtors to certain holders of Allowed Claims as set forth in the Plan (collectively, the "Trust Assets"). The Trust Assets include, without limitation, all Assets of the Debtors and the Estates other than (a) the Purchased Assets (Plan § 1.90),

---

[1]     The Prommis Debtors in these chapter 11 cases, along with the last four digits of each Prommis Debtor's federal taxpayer-identification number, are:  Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); EC Mailing Corp. (f/k/a Interface Inc.) (9903); and Prommis Homeownership Solutions, Inc. (0569).  The EC Debtors in these chapter 11 cases, along with the last four digits of each of the EC Debtor's federal taxpayer-identification number, are: EC Closing Corp. (8580); EC Posting Closing Corp. (9995); and EC Closing Corp. of Washington (2552).

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

(b) the Effective Date Cash Payment (Plan § 1.41), and (c) any Cause of Action or Claim not released pursuant to Plan Sections 11.7, 11.8, and 11.9, and any Causes of Action or Claims not expressly included in the Liquidating Trustee Causes of Action (Plan § 1.63).

WHEREAS, the Trust Assets are to be liquidated and distributed to the Beneficiaries, as set forth in the Plan; and

WHEREAS, the Plan contemplates that the Liquidating Trust shall be created for the primary purpose of liquidating the Trust Assets in an expeditious but orderly manner for the benefit of the Beneficiaries, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to and consistent with the liquidating purpose of the Liquidating Trust and the Plan; and

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I
## DECLARATION OF TRUST

**Creation and Purpose of the Liquidating Trust.** The Debtors and the Liquidating Trustee hereby create the Liquidating Trust for the primary purpose of liquidating and distributing the Trust Assets to the Beneficiaries in accordance with the Plan, the Confirmation Order, and applicable tax statutes, rules and regulations, and in an expeditious but orderly manner, with no objective to continue or engage in the conduct of a trade or business. In particular, the Liquidating Trustee shall (a) make continuing efforts to collect and reduce the Trust Assets to Cash, and (b) make timely distributions and not unduly prolong the duration of the Liquidating Trust.

**Declaration of Trust.** In order to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Debtors and the Liquidating Trustee have executed this Liquidating Trust Agreement and, effective on the Effective Date, hereby irrevocably transfer to the Liquidating Trust, all of the right, title and interests of the Debtors in and to the Trust Assets, to have and to hold unto the Liquidating Trust and its successors and assigns forever, under and subject to the terms of the Plan and the Confirmation Order for the benefit of the Beneficiaries and their successors and assigns as provided for in this Liquidating Trust Agreement and in the Plan and Confirmation Order.

**Vesting of Trust Assets.** As of the Effective Date and upon execution of this Agreement, the Trust Assets shall be vested in the Liquidating Trust pursuant to the terms of the Plan and the Confirmation Order. In addition, on the Effective Date, the Liquidating Trust shall: (1) take possession of all books, records, and files of the Debtors and their Estates related to the Trust Assets, and (ii) provide for the retention and storage of such books, records, and files until such time as the Liquidating Trustee determines,

2

in accordance with the Liquidating Trust Agreement, that retention of same is no longer necessary or required.

        **Transfer of Trust Assets.** Pursuant to Bankruptcy Code section 1141, and the Confirmation Order, all transfers and contributions made pursuant to Section 6 of the Plan are made free and clear of all Claims, Liens, encumbrances, charges, and other interests. Upon completion of the transfer of the Trust Assets to the Liquidating Trust, the Debtors will have no further interest in, or with respect to, the Trust Assets, or the Liquidating Trust. For all federal income tax purposes, all parties (including, without limitation, the Debtors, the Liquidating Trustee and the Liquidating Trust's beneficiaries) will treat the transfer of assets to the Liquidating Trust in accordance with the terms of the Plan, as a transfer to the Liquidating Trust's beneficiaries, followed by a transfer by such Liquidating Trust's beneficiaries to the Liquidating Trust, and the Liquidating Trust's beneficiaries will be treated as the grantors and owners thereof.

        All such Trust Assets shall be delivered to the Liquidating Trust free and clear of interests, claims, liens, or other encumbrances of any kind, except the Allowed Claims of the Beneficiaries. Moreover, on the Effective Date, all privileges with respect to any of the Trust Assets, including the attorney/client privilege, to which the Debtors are entitled shall be automatically vested in, and available for assertion by or waiver on behalf of the Liquidating Trust. To the extent any of the foregoing does not automatically occur on the Effective Date or is not effectuated through the Confirmation Order or this Agreement, the Debtors shall, on the Effective Date, execute such other and further documents as is reasonably necessary to effectuate all of the foregoing.

        **Funding of the Trust.** The Liquidating Trust shall be funded with the Trust Assets.

        **Acceptance by Liquidating Trustee.** The Liquidating Trustee hereby accepts the trust imposed upon it by this Liquidating Trust Agreement and agrees to observe and perform that trust on and subject to the terms and conditions set forth in this Liquidating Trust Agreement, the Plan, and the Confirmation Order. In connection with and in furtherance of the purposes of the Liquidating Trust, the Liquidating Trustee hereby accepts the transfer of the Trust Assets.

        **Name of the Liquidating Trust.** The Liquidating Trust established hereby shall be known as the "The Prommis Liquidating Trust."

## ARTICLE II
## THE LIQUIDATING TRUSTEE

        **Appointment.** The Liquidating Trustee has been selected pursuant to the provisions of the Plan. The Liquidating Trustee's appointment shall continue until the earlier of: (a) the termination of the Liquidating Trust; or (b) the Liquidating Trustee's resignation, death, dissolution, removal, or liquidation.

**General Powers.** Except as otherwise provided in this Liquidating Trust Agreement, the Plan, or the Confirmation Order, the Liquidating Trustee may control and exercise authority over the Trust Assets, over the acquisition, management and disposition thereof, and over the management and conduct of the business of the Liquidating Trust. No person dealing with the Liquidating Trust shall be obligated to inquire into the Liquidating Trustee's authority in connection with the acquisition, management, or disposition of Trust Assets. Without limiting the foregoing, but subject to the Plan, the Confirmation Order, and other provisions of this Liquidating Trust Agreement, the Liquidating Trustee shall expressly be authorized, in the exercise of its business judgment, with respect to the Liquidating Trust and the Trust Assets, to:

a)      exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken with respect to the Trust Assets by any officer, director, shareholder or other party acting in the name of the Debtors or their Estates with like effect as if duly authorized, exercised and taken by action of such officers, directors, shareholders or other Party;

b)      open and maintain bank accounts on behalf of or in the name of the Liquidating Trust, calculate and make distributions and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves, in the name of the Liquidating Trust;

c)      receive, manage, liquidate, invest, supervise, and protect the Trust Assets, subject to the limitations provided herein, provided, however, that investments shall be limited to demand and time deposits or United State Treasury bills;

d)      hold legal title to any and all Trust Assets; subject to the applicable provisions of the Plan, collect and liquidate all Trust Assets;

e)      review, and where appropriate, object to claims and supervise and administer the resolution and settlement of all Claims and all Distributions to holders of Allowed Claims, the Beneficiaries, and creditors of the Liquidating Trust, in accordance with this Liquidating Trust Agreement, the Plan, and the Confirmation Order,

f)      in accordance with this Liquidating Trust Agreement, and subject to consultation with and prior consent by the Agent (as defined in the Plan), prosecute, compromise and settle, or otherwise liquidate any Avoidance Action or other Cause of Action;

4

g)      seek a determination of tax liability under Bankruptcy Code section 505; file, if necessary, any and all tax and information returns required with respect to the Liquidating Trust; make tax elections for and on behalf of the Liquidating Trust; and pay taxes, if any, payable for and on behalf of the Liquidating Trust;

h)      pay all lawful, expenses, debts, charges, taxes and liabilities of the Liquidating Trust;

i)      withhold from the amount distributable to any person such amount as may be sufficient to pay any tax or other charge which the Liquidating Trustee has determined, in its sole discretion, may be required to be withheld therefrom under the income tax laws or other laws of the United States or of any state or political subdivision thereof;

j)      take any action reasonably necessary to access any insurance policy or coverage made available to the Liquidating Trust pursuant to the terms of the Plan;

k)      enter into any agreement or execute any document required by or consistent with the Plan, the Confirmation Order or this Liquidating Trust Agreement and perform all obligations thereunder;

l)      purchase and carry all insurance policies and pay all insurance premiums and costs it deems reasonably necessary or advisable;

m)      take all other actions consistent with the provisions of the Plan which the Liquidating Trustee deems reasonably necessary or desirable to administer the Liquidating Trust;

n)      implement, enforce or discharge all of the terms, conditions and all other provisions of, and all duties and obligations under, the Plan, the Confirmation Order and this Liquidating Trust Agreement;

o)      calculate and implement all Distributions for the Liquidating Trust's beneficiaries;

p)      administer and pay taxes, including, among other things, (i) filing tax returns, and (ii) representing the interest and account of the Liquidating Trust before any taxing authority in all matters including, without limitation, any action, suit, proceeding or audit, and distributing information statements as required for federal income tax and other applicable tax purposes;

q)      retain and pay at normal and customary rates or on a contingency fee basis, on a monthly or other periodic basis, professionals in connection with the Liquidating Trustee's performance of its duties under the Plan and this Liquidating Trust Agreement; and

r)      file an application for entry by the Bankruptcy Court of a final decree closing any or all of the Chapter 11 Cases.

**Compensation of Liquidating Trustee and its Professionals.** The Liquidating Trustee shall be entitled to receive reasonable compensation and reimbursement of expenses in connection with the performance of its duties, plus the reimbursement of reasonable out-of-pocket expenses. The Liquidating Trustee's hourly rate is a blended $500.00 per hour, subject to any annual increases. Professionals retained by the Liquidating Trustee shall be entitled to receive reasonable compensation and reimbursement of expenses from Trust Assets, provided that, in the event that Trust Assets are insufficient to compensate the Liquidating Trustee for the performance of its duties, the Liquidating Trustee may resign in accordance with the terms of this Agreement.

On or before the last day of each month following the month for which compensation or reimbursement is sought, each of the Liquidating Trustee's professionals seeking compensation shall serve a monthly statement on the Liquidating Trustee (unless any such professional and the Liquidating Trustee agree to different treatment). The Liquidating Trustee will have fifteen (15) days from the date such statement is received to review the statement and object to such statement by serving an objection on the professional setting forth the precise nature of the objection and the amount at issue. At the expiration of the fifteen (15) day period, the Liquidating Trustee shall pay from Trust Assets 100% of the amounts requested, except for the portion of such fees and disbursements to which any objection has been made.

On or before the last day of each month following the month for which compensation or reimbursement is sought, the Liquidating Trustee shall serve a monthly statement on the Agent and its counsel. The Agent will have fifteen (15) days from the date such statement is received to review the statement and object to such statement by serving an objection on the Liquidating Trustee setting forth the precise nature of the objection and the amount at issue. At the expiration of the fifteen (15) day period, the Liquidating Trustee shall pay from Trust Assets 100% of the amounts requested, except for the portion of such fees and disbursements to which any objection has been made.

The parties shall attempt to consensually resolve objections, if any, to any monthly statement. If the parties are unable to reach a consensual resolution of any such objection, the party who received an objection to its fees and costs may seek payment of such fees and costs by filing a motion with the Bankruptcy Court. If the Liquidating Trustee or any professional fails to submit a monthly statement, it shall be ineligible to

receive payment of fees and expenses therefor as provided in this Liquidating Trust Agreement until the monthly statement is submitted.

**General Duties, Obligations, Rights and Benefits of the Liquidating Trustee.** The Liquidating Trustee shall have all duties, obligations, rights and benefits assumed by, assigned to, or vested in the Liquidating Trust under the Plan, the Confirmation Order, this Liquidating Trust Agreement and any other agreement entered into pursuant to or in connection with the Plan. Such duties, obligations, rights and benefits include, without limitation, all duties, obligations, rights and benefits relating to the collection and liquidation of the Trust Assets, administration of Claims, satisfaction of claims of creditors, the pursuit of any Avoidance Action or other Cause of Action, distributions to holders of Allowed Claims and Beneficiaries, administration of the Liquidating Trust and any other duties, obligations, rights and benefits reasonably necessary to accomplish the purpose of the Liquidating Trust under the Plan, the Confirmation Order, this Liquidating Trust Agreement and any other agreement entered into pursuant to or in connection with the Plan.

**Replacement of the Liquidating Trustee.** The Liquidating Trustee may resign at any time upon thirty (30) days' written notice delivered to the Bankruptcy Court, provided that such resignation shall become effective only upon the appointment of a permanent or interim successor Liquidating Trustee. In the event of the resignation or removal of the Liquidating Trustee, the Bankruptcy Court may designate a person to serve as successor Liquidating Trustee based upon submissions from interested parties (including any Beneficiary) or, in the event a successor Liquidating Trustee is not appointed, upon notice and a hearing, enter an order approving the Liquidating Trustee's resignation. Upon its appointment, the successor Liquidating Trustee, without any further act, shall become fully vested with all of the rights, powers, duties and obligations of its predecessor, and all responsibilities of the predecessor Liquidating Trustee relating to the Liquidating Trust shall be terminated. In the event of the removal or resignation of any Liquidating Trustee, such Liquidating Trustee (or its estate or representatives) shall be entitled to seek compensation for all reasonable fees and expenses accrued through the effective date of termination, in accordance with the procedures set forth in this Liquidating Trust Agreement. The provisions of Article IV shall survive the resignation or removal of any Liquidating Trustee.

**Liquidating Trust Continuance.** The death, dissolution, resignation or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any existing agency created by the Liquidating Trustee pursuant to this Liquidating Trust Agreement or invalidate any action theretofore taken by the Liquidating Trustee, and the successor Liquidating Trustee agrees that the provisions of this Liquidating Trust Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee and all its successors or assigns.

## ARTICLE III
## PROSECUTION AND RESOLUTION OF CAUSES OF ACTION

**The Liquidating Trust's Exclusive Authority to Pursue, Settle, or Abandon Causes of Action.** The Liquidating Trust shall have exclusive rights, powers, and interests of the Estates to pursue, settle or abandon all of the Causes of Action, in each case as the sole representative of the Estates with respect thereto pursuant to Bankruptcy Code section 1123(b)(3).

**Settlement of Causes of Action.** Settlement by the Liquidating Trust of any Cause of Action shall require: (i) approval only of the Liquidating Trustee, if the amount claimed by the Liquidating Trust against a defendant is less than $500,000; and (ii) approval of the Liquidating Trustee and the Bankruptcy Court or other court of competent jurisdiction, if the amount claimed by the Liquidating Trust against a defendant is $500,000 or more.

## ARTICLE IV
## LIABILITY OF LIQUIDATING TRUSTEE;
## INDEMNIFICATION RESERVE AND INSURANCE

**Standard of Care; Exculpation.** Neither the Liquidating Trustee nor any director, officer, affiliate, employee, employer, attorney, professional, agent or representative of the Liquidating Trustee shall be liable for losses, claims, damages, liabilities or expenses in connection with the affairs of the Liquidating Trust to any holder of a Claim against, or interest in, the Debtors, or to any Beneficiary of the Liquidating Trust, or any other person, for the acts or omissions of the Liquidating Trustee; provided, however, that the foregoing limitation shall not apply to any losses, claims, damages, liabilities or expenses suffered or incurred by any holder of an Allowed Claim that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence or willful misconduct of the Liquidating Trustee, or any director, officer, affiliate, employee, employer, attorney, professional, agent or representative of the Liquidating Trustee, in which case the party committing such fraud, gross negligence or willful misconduct shall not be protected by this paragraph with respect to such acts.

**Indemnification.** Except as otherwise set forth in the Plan or Confirmation Order, the Liquidating Trustee, and any director, officer, affiliate, employee, employer, attorney, professional, agent or representative of the Liquidating Trustee (each, an "Indemnified Party" and collectively, the "Indemnified Parties") shall be defended, held harmless and indemnified from time to time by the Liquidating Trust against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including the costs for counsel or others in investigating, preparing or defending any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing this Liquidating Trust Agreement (including these indemnity provisions), as and when incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Liquidating Trustee's acceptance of or the performance or nonperformance of its obligations under this Liquidating Trust Agreement, the Plan or the Confirmation Order; provided, however, such indemnity shall

not apply to any such loss, claim, damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence or willful misconduct of the Liquidating Trustee, or any director, officer, affiliate, employee, employer, attorney, professional, agent or representative of the Liquidating Trustee, in which case the party committing such fraud, gross negligence or willful misconduct shall not be protected by this paragraph with respect to such acts. Satisfaction of any obligation of the Liquidating Trust arising pursuant to the terms of this section shall be payable only from the Trust Assets, may, at the discretion of the Liquidating Trustee, be advanced prior to the conclusion of such matter, and such right to payment shall be prior and superior to any other rights to receive a distribution of the Trust Assets.

The Liquidating Trust shall promptly pay expenses reasonably incurred by any Indemnified Party in defending, participating in, or settling any action, proceeding or investigation in which such Indemnified Party is a party or is threatened to be made a party or otherwise is participating in connection with the Liquidating Trust Agreement or the duties, acts or omissions of the Liquidating Trustee, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise. Each Indemnified Party hereby undertakes, and the Liquidating Trust hereby accepts its undertaking, to repay any and all such amounts so advanced if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefor under this Liquidating Trust Agreement.

**Insurance**. The Liquidating Trust may purchase, using Trust Assets, and carry all insurance policies and pay all insurance premiums and costs the Liquidating Trustee deems reasonably necessary or advisable, including, without limitation, purchasing any errors and omissions insurance with regard to any liabilities, losses, damages, claims, costs and expenses it may incur, including but not limited to attorneys' fees, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of its fraud or willful misconduct, with respect to the implementation and administration of the Plan or this Liquidating Trust Agreement.

**Plan Indemnification Reserve; D&O Insurance**. The Indemnification Reserve pursuant to Section 6.7 of the Plan is hereby established in the amount set forth on Schedule 1 annexed hereto, which Schedule 1 shall remain confidential, and disclosed only to the Liquidating Trustee, the Agent and the Management Representative (defined in § 1.65 of the Plan) and their respective counsel and advisors, unless otherwise agreed in writing by the Liquidating Trustee or ordered by the Court. Notwithstanding anything to the contrary contained in the Plan, confirmation of the Plan shall not discharge, impair or otherwise modify any advancement or indemnity obligations arising under the Debtors' constitutional and governance instruments, or D&O Liability Insurance Policies; provided, however, that recourse under the Debtors' constitutional and governance instruments shall be limited to the Indemnification Reserve absent written agreement by the Agent. In addition, after the Effective Date, the Liquidating Trustee shall not terminate or otherwise reduce the coverage under any D&O Liability Insurance Policies (including any "tail policy") in effect on the Petition Date or at any time through and including the Confirmation Date, and all directors and officers of the Debtors who served

9

in such capacity as of the Petition Date or at any time prior to the Effective Date shall be entitled to the full benefits of any such policy for the full term of such policy regardless of whether such directors and officers remain in such positions after the Effective Date.

## ARTICLE V
## PROVISIONS CONCERNING ADMINISTRATION OF THE LIQUIDATING TRUST

**Register of Beneficiaries.** The Liquidating Trust shall maintain at all times a register of the Beneficiaries' names, addresses of record, amounts of Allowed Claims, and ratable interests in the Liquidating Trust (the "Register"). The Liquidating Trust shall cause the Register to be kept at its office or at such other place or places as may be designated by the Liquidating Trustee from time to time.

**Books and Records.** The Liquidating Trust also shall maintain in respect of the Liquidating Trust and the Beneficiaries' books and records relating to the Trust Assets and income realized therefrom and the payment of expenses of and claims against or assumed by the Liquidating Trust in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof. Except as expressly provided in this Liquidating Trust Agreement, the Plan or the Confirmation Order, or as may be required by applicable law, nothing in this Liquidating Trust Agreement is intended to require the Liquidating Trust to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or distribution out of the Trust Assets.

**Interim Reporting.** After the Plan Confirmation Date, the Liquidating Trustee shall file with the Bankruptcy Court regular post-confirmation status reports every three months, on or before each of the fifteenth (15th) day of January, April, July, and October as appropriate, until the all of Chapter 11 Cases are closed, converted, or dismissed, whichever happens earlier, which reports shall include (a) a schedule or summary of receipts and disbursements for said period, (b) a description of the assets and liabilities of the Liquidating Trust as of the end of said period and any changes to the Trust Assets during the period, (c) the aggregate total of any reserves or escrows of the Liquidating Trust, and (d) a summary of any material actions taken by the Liquidating Trustee during said period in the performance of its duties under the Plan and this Liquidating Trust Agreement.

## ARTICLE VI
## BENEFICIAL INTERESTS AND BENEFICIARIES

**Trust Beneficial Interests.** Each holder of an Allowed Claim in Classes 3, 5A and 5B under the Plan shall be entitled to receive a beneficial interest in the Liquidating Trust in accordance with the treatment of such Claim under the Plan, and shall be entitled to distributions as set forth in the Plan.

**Interest Beneficial Only.** The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary to any title in or to the Trust Assets or

to any right to call for a partition or division of the Trust Assets or to require an accounting.

**Absolute Owners.** The Liquidating Trustee may deem and treat the Beneficiary reflected as the owner of a beneficial interest on the Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof for federal and state income tax purposes and for all other purposes whatsoever.

**Change of Address**. A Beneficiary may, after the Effective Date, select an alternative distribution address by filing a notice with the Bankruptcy Court (copy served on the Liquidating Trustee) identifying such alternative distribution address. Absent such notice, the Liquidating Trustee shall not recognize any such change of distribution address. Such notification shall be effective only upon receipt by the Liquidating Trustee.

**Standing.** Except as expressly provided in this Liquidating Trust Agreement, the Plan or the Confirmation Order, a Beneficiary does not have standing to direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Trust Assets.

### ARTICLE VII
### DISTRIBUTIONS

**Distributions to Beneficiaries from Trust Assets.** All payments to be made by the Liquidating Trust to any Beneficiary shall be made only in accordance with the Plan, the Confirmation Order and this Liquidating Trust Agreement and from the Trust Assets (or from the income and proceeds realized from the Trust Assets), if any, and only to the extent that the Liquidating Trust has sufficient Trust Assets (or income and proceeds realized from the Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order and this Liquidating Trust Agreement.

**No Distribution Pending Allowance.** No payment or distribution shall be made with respect to any Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim, except for distributions into a Disputed Claims Reserve in accordance with the Plan, Confirmation Order, and this Liquidating Trust Agreement.

**Distributions after Allowance.** Distributions to each holder of a Disputed Claim, to the extent that such Claim ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan, not less than annually.

**Non-Cash Property.** Any non-Cash property of the Liquidating Trust may be sold, transferred or abandoned by the Liquidating Trustee. If, in the Liquidating Trustee's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the Liquidating Trustee believes, in good faith, such property has no value to the Liquidating Trust, the Liquidating Trustee shall have the right, subject to obtaining the approval of the Bankruptcy Court, to abandon or otherwise dispose of such property, including by donation of such property to a charity designated by the

11

Liquidating Trustee. Except in the case of fraud, willful misconduct or gross negligence, no party in interest shall have a cause of action against the Liquidating Trustee or any director, officer, employee, consultant or professional of the Liquidating Trustee, arising from or related to the disposition of non-Cash property in accordance with this section.

**Distributions on Non-Business Days.** Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

## ARTICLE VIII
## TAXES

**Income Tax Status.** Consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Liquidating Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to IRC Sections 671-677. As such, the Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidating Trust. Any items of income, deduction, credit and loss of the Liquidating Trust shall be allocated for federal income tax purposes to the Beneficiaries, on a pro rata basis.

**Tax Returns.** The Liquidating Trustee, on behalf of the Debtors and the Estates, shall cause tax returns and all other appropriate or necessary documents related to municipal, State, Federal, or other tax law to be prepared and filed timely. The Liquidating Trustee shall file any such tax returns as are necessary on behalf of the Liquidating Trust as a grantor trust.

**Valuations.** As soon as possible after the Effective Date, the Liquidating Trust shall make a good faith valuation of the Trust Assets, and such valuation shall be used consistently by all parties (including, without limitation, the Liquidating Trust and the Beneficiaries) for all federal income tax purposes. The Liquidating Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Liquidating Trust that are required by any governmental unit.

**Expedited Determination of Taxes.** The Liquidating Trust may request an expedited determination of taxes of the Debtors and of the Liquidating Trust under Bankruptcy Code section 505(b) for all returns filed for, or on behalf of, the Debtors and the Liquidating Trust for all taxable periods through the termination of the Liquidating Trust.

## ARTICLE IX
## TERMINATION OF LIQUIDATING TRUST

**Termination of Liquidating Trust.** The Liquidating Trustee shall be discharged and the Liquidating Trust shall be terminated on the earlier of (a) the date on which (i) all Disputed Claims against the Liquidating Trust have been resolved, (ii) all of the Trust Assets have been liquidated, (iii) all duties and obligations of the Liquidating Trustee hereunder have been fulfilled, (iv) all distributions required to be made by the Liquidating Trustee under the Plan and this Liquidating Trust Agreement have been

made, and (v) all of the Chapter 11 Cases have been closed; and (b) the fifth (5th) anniversary of the Effective Date; provided, however, that the term of the Liquidating Trust may be further extended upon Court approval obtained within six (6) months of the commencement of the extended term.

**Events Upon End of Term Termination.** At the conclusion of the term of the Liquidating Trust, the Liquidating Trust shall distribute the remaining Trust Assets, if any, to the Beneficiaries, in accordance with the Plan, the Confirmation Order and this Liquidating Trust Agreement or as provided by further order of the Bankruptcy Court.

**Winding Up and Discharge of the Liquidating Trustee.** For the purposes of winding up the affairs of the Liquidating Trust at the conclusion of its term, the Liquidating Trustee shall continue to act as Liquidating Trustee until its duties under this Liquidating Trust Agreement have been fully discharged or its role as Liquidating Trustee is otherwise terminated under this Liquidating Trust Agreement and the Plan. Upon a motion by the Liquidating Trustee, the Bankruptcy Court may enter an order relieving the Liquidating Trustee, its agents and employees of any further duties, discharging the Liquidating Trustee and releasing its bond, if any.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

**Amendments.** The Liquidating Trustee may, with the approval of the Bankruptcy Court, modify, supplement, or amend this Liquidating Trust Agreement to clarify any ambiguity or inconsistency, or render the Liquidating Trust Agreement in compliance with its stated tax purposes, and only if such amendment does not materially and adversely affect the interests, rights, treatment or distributions of any Beneficiaries. The Liquidating Trustee may, with the approval of the Bankruptcy Court, modify, supplement, or amend this Liquidating Trust Agreement in any way that is not inconsistent with the Plan or the Confirmation Order.

**Waiver.** No failure to exercise, or delay in exercising, any right, power or privilege hereunder by the Liquidating Trust or the Liquidating Trustee, shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof, or of any other right, power or privilege.

**Cumulative Rights and Remedies.** The rights and remedies provided in this Liquidating Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

**Irrevocability.** This Liquidating Trust Agreement and the Liquidating Trust created hereunder shall be irrevocable, except as otherwise expressly provided in this Liquidating Trust Agreement.

**Tax Identification Numbers.** The Liquidating Trustee may require any Beneficiary to furnish to the Liquidating Trustee its social security number or employer

or taxpayer identification number as assigned by the IRS, and the Liquidating Trustee may condition any distribution to any Beneficiary upon the receipt of such identification number.

**Relationship to the Plan.** The principal purpose of this Liquidating Trust Agreement is to aid in the implementation of the Plan and, therefore, this Liquidating Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event that any provision of this Liquidating Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order, as applicable, shall control.

**Division of Liquidating Trust.** Under no circumstances shall the Liquidating Trustee have the right or power to divide the Liquidating Trust unless authorized to do so by the Bankruptcy Court.

**Applicable Law.** The Liquidating Trust is made in the State of Delaware, and the Liquidating Trust and this Liquidating Trust Agreement, and the rights and obligations of the Liquidating Trustee are to be governed by and construed and administered according to the laws of the State of Delaware; provided, however, that, except as expressly provided in this Liquidating Trust Agreement, there shall not be applicable to the Liquidating Trust, the Liquidating Trustee, or this Liquidating Trust Agreement (a) the provisions of Section 3540 of Title 12 of the Delaware Code; or (b) any provisions of the laws (statutory or common) of the State of Delaware pertaining to trusts which relate to or regulate: (i) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges; (ii) affirmative requirements to post bonds for trustees, officers, agents or employees of a trust; (iii) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property; (iv) fees or other sums payable to trustees, officers, agents or employees of a trust; (v) the allocation of receipts and expenditures to income or principal; (vi) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding of trust assets; or (vii) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees, which are inconsistent with the limitations or liabilities or authorities and powers of the Liquidating Trustee set forth or referenced in this Liquidating Trust Agreement.

**Retention of Jurisdiction.** Notwithstanding the Effective Date, and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidating Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection therewith, including, without limitation, this Liquidating Trust Agreement, or any entity's rights or obligations in connection herewith, including without limitation, any action against the Liquidating Trustee, or any professional retained by the Liquidating Trustee in each case in its capacity as such. Each party to this Liquidating Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Liquidating Trust Agreement or of any other agreement or document delivered in connection with this

Liquidating Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum *non conveniens* or lack of personal jurisdiction to any such action brought in the Bankruptcy Court.

**Severability.** In the event that any provision of this Liquidating Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court to be invalid or unenforceable to any extent, the remainder of this Liquidating Trust Agreement, or the application of such provision to persons or circumstance, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Liquidating Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

**Limitation of Benefits.** Except as otherwise specifically provided in this Liquidating Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Liquidating Trust Agreement.

**Notices.** All notices, requests, demands, consents and other communication hereunder shall be in writing and shall be deemed to have been duly given to a person, if delivered: (a) in person; (b) by regular first class mail; or (c) by overnight mail, registered mail, or certified mail, to the following addresses:

If to the Liquidating Trustee:

> Huron Consulting Services, LLC
> Attn: Lee Sweigart
> 550 W. Van Buren Street
> Chicago, IL 60607

with a copy to:

> Steven K. Kortanek, Esq.
> Womble Carlyle Sandridge & Rice, LLP
> 222 Delaware Avenue, Suite 1501
> Wilmington, DE 19801

If to a Beneficiary:

> To the name and Distribution Address set
> forth in the Register with respect to such
> Beneficiary.

The parties may designate in writing from time to time other and additional places to which notices may be sent.

**Further Assurances.** From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out

the intent and purposes of this Liquidating Trust Agreement, and to consummate the transactions contemplated hereby.

**Integration.** This Liquidating Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. To the extent there is an inconsistency between the Plan and this Liquidating Trust Agreement, the Plan shall control.

**Interpretation**. The enumeration and section headings contained in this Liquidating Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidating Trust Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Liquidating Trust Agreement, the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations and corporations. The words herein, hereby, and hereunder and words with similar import, refer to this Liquidating Trust Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise.

**Counterparts**. This Liquidating Trust Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Liquidating Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers or representatives, all as of the date first above written.

**PROMMIS HOLDINGS, LLC**

**PROMMIS FIN CO.**

**PROMMIS SOLUTIONS, LLC**

**E-DEFAULT SERVICES LLC**

**STATEWIDE TAX AND TITLE SERVICES LLC**

**STATEWIDE PUBLISHING SERVICES LLC**

**NATIONWIDE TRUSTEE SERVICES, INC.**

**STATEWIDE TAX AND TITLE SERVICES OF ALABAMA LLC**

**NATIONWIDE TRUSTEE SERVICES OF VIRGINIA, INC.**

**EC MAILING CORP. (F/K/A INTERFACE INC.)**

**PROMMIS HOMEOWNERSHIP SOLUTIONS, INC.**

**EC CLOSING CORP.**

**EC POSTING CLOSING CORP.**

**EC CLOSING CORP. OF WASHINGTON**

By: _____

       Name: Charles Piper
       Title: Chief Executive Officer

**LIQUIDATING TRUSTEE**

Huron Consulting Services, LLC

By: _____

       Name: Lee Sweigart
       Title: Liquidating Trustee

17