**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 674, 745, 746, 747 and 749** |

**ORDER APPROVING THE DISCLOSURE STATEMENT AND FINDINGS OF
FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING THE DEBTORS'
FIRST AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE
BANKRUPTCY CODE**

WHEREAS, on March 18, 2013 (the "Prommis Petition Date"), each of the

Prommis Debtors[2] filed a petition with this Bankruptcy Court under chapter 11 of the

Bankruptcy Code. On June 25, 2013 (the "EC Petition Date" and together with the Prommis

Petition Date, the "Petition Dates"), each of the EC Debtors filed a petition with this Bankruptcy

Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and

managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy

Code"); and

WHEREAS, on November 13, 2013, the Debtors filed their Plan of Liquidation

Under Chapter 11 of the Bankruptcy Code [Docket No. 674] (as may be amended or

supplemented from time to time and including all exhibits and supplements thereto, the "Plan")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); EC Mailing Corp. (f/k/a Interface Inc.) (9903); Prommis Homeownership Solutions, Inc. (0569); EC Closing Corp. (8580); EC Posting Closing Corp. (9995); and EC Closing Corp. of Washington (2552). The Debtors' address is P.O. Box 767427, Roswell, Georgia 30076.

[2] Unless otherwise specified herein, each capitalized term shall have the meaning ascribed to such term in the Plan.

and the related Disclosure Statement [Docket No. 673] (as may be amended, the "Disclosure Statement"); and

WHEREAS, on December 3, 2013, the Bankruptcy Court entered the Order (A) Fixing the Voting Record Date; (B) Approving Solicitation and Voting Procedures with Respect to Debtors' Chapter 11 Plan; and (C) Approving Form of Solicitation Package and Notices [Docket No. 723] (the "Solicitation Procedures Order"); and

WHEREAS, the notice of the Combined Hearing (the "Combined Hearing Notice"), the Disclosure Statement on CD-ROM, the Plan on CD-ROM, the Solicitation Procedures Order (without exhibits), certain notices of non-voting status (the "Non-Voting Notices"), and/or the appropriate Ballots (collectively, the "Solicitation Package") were transmitted to all Holders of Claims and Interests and other parties in interest in accordance with the Solicitation Procedures Order, as set forth in the affidavit of service sworn to by the Debtors' claims agent, Donlin, Recano & Co, Inc. ("DRC") and filed with the Bankruptcy Court [Docket No. 730] (the "Affidavit of Service"); and

WHEREAS, notice of the Combined Hearing was published in the *USA Today* on November 20, 2013 [Docket No. 703] (the "Affidavit of Publication"); and

WHEREAS, on December 11, 2013, the United States Trustee filed its Objection to the Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 735] (the "UST Objection");

WHEREAS, on December 13, 2013, the Debtors filed the Plan Supplement to Plan [Docket No. 745] (the "Plan Supplement"); and

WHEREAS, on December 13, 2013, the Debtors' filed their First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 747 ] and accompanying Disclosure Statement;

WHEREAS, on December 16, 2013, the Debtors filed the Declaration of Jung W. Song, on Behalf of Donlin, Recano & Company, Inc. Regarding Voting and Tabulation of Ballots Accepting and Rejecting Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 754] (the "Voting Declaration") certifying the results of the ballot tabulation for Classes 3, 5A and 5B; and

WHEREAS, pursuant to the Solicitation Procedures Order and Bankruptcy Code section 1128(a), the Bankruptcy Court held a hearing commencing on December 16, 2013, at 10:30 a.m. (Eastern Time) (the "Combined Hearing") to consider the adequacy of the Disclosure Statement and confirmation of the Plan.

NOW THEREFORE, based upon the Bankruptcy Court's review and consideration of (i) the Plan, the Disclosure Statement, the Plan Supplement, the Solicitation Procedures Order, the Voting Declaration, the Affidavit of Service, the Affidavit of Publication, the UST Objection, and the other pleadings and other documents before the Bankruptcy Court in connection with the confirmation of the Plan, (ii) the record of the Combined Hearing (including the statements of counsel in support of confirmation at the Combined Hearing and all testimony presented and evidence admitted at the Combined Hearing), and (iii) the entire record of these Chapter 11 Cases; and the Bankruptcy Court finding that (a) notice of the Voting Deadline, Objection Deadline, and Combined Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate, in accordance with Bankruptcy Rule 2002(b) and the Solicitation Procedures Order, as to all parties to be affected by the Plan and the transactions

contemplated thereby, and (b) the legal and factual bases presented at the Combined Hearing and

as set forth in this Confirmation Order establish just cause for the relief granted herein; and after

due deliberation thereon, and good cause appearing therefor;

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]

A.    This Bankruptcy Court has jurisdiction over these Chapter 11 Cases

pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the*

*United States District Court for the District of Delaware* dated as of February 29, 2012.

Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L), and this

Bankruptcy Court has exclusive jurisdiction to determine whether the Disclosure Statement and

the Plan comply with the applicable provisions of the Bankruptcy Code, to determine whether

the Plan should be confirmed and to enter a final order with respect hereto.  Venue of these

Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Judicial notice is hereby taken of the docket of the Chapter 11 Cases

maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and

other documents filed, all orders entered, and transcripts of, and all evidence and arguments

made, proffered, or adduced at, the hearings held before the Bankruptcy Court during the

pendency of the Chapter 11 Cases.

C.    The Disclosure Statement contains adequate information under section

1125 of the Bankruptcy Code.

D.    The Plan is dated and identifies the entities submitting it, thereby

satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Bankruptcy

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

Court satisfies Bankruptcy Rule 3016(b). All acts to be enjoined and identification of entities subject to such injunction under the Plan are set forth in specific and conspicuous text in the Plan and Disclosure Statement, thereby satisfying Bankruptcy Rule 3016(c).

E.      The Debtors have given notice of the Combined Hearing as required by Bankruptcy Rule 3017(d). Such notice was good and sufficient under the particular circumstances and no other or further notice is or shall be required.

F.      The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, and sufficient time was prescribed for such creditors to vote to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018.

G.      The Debtors have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

H.      The Plan complies with the applicable provisions of the Bankruptcy Code, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the orders of this Bankruptcy Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

I.      The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Bankruptcy Court with respect to the solicitation of acceptances or rejections of the Plan, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

J.      The Plan, and the compromises and settlements embodied therein, have been proposed in good faith and not by any means forbidden by law, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.  In so determining, the Bankruptcy Court has examined, among other things, the totality of the circumstances surrounding the Chapter 11 Cases, the record of the Combined Hearing, the Disclosure Statement, the Plan, and all related pleadings, exhibits, statements, and comments regarding confirmation of the Plan and the approval of the Plan by the creditors that voted on the Plan.  The Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate and honest purpose of effecting an orderly liquidation of the Debtors' businesses.

K.      All payments that have been made or are to be made by the Debtors or the Liquidating Trust under the Plan or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or will be subject to the approval of, the Bankruptcy Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

L.      The Debtors have made available all necessary information with respect to the identity of the Liquidating Trustee, and the appointment to such office of the Liquidating Trustee is consistent with the interests of holders of Claims and Interests and with public policy, thus satisfying the requirements of section 1129(a)(5) of the Bankruptcy Code.  The initial Liquidating Trustee of the Liquidating Trust has been disclosed in the Plan Supplement.

M.      The Debtors' businesses do not involve the establishment of rates over which any regulatory commission has jurisdiction or will have jurisdiction after confirmation, Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

N.      Section 1129(a)(7) of the Bankruptcy Code requires that each holder of a Claim or Interest in an impaired class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive on account of such Claim or Interest if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.  Classes 3, 5A, 5B, 6, 7, and 8 are impaired under the Plan.  The Disclosure Statement and the other evidence proffered or adduced at the Combined Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any of the Objections, and/or (iii) establish that each holder of an impaired Claim in Classes 3, 5A, 5B, 6, 7, and 8 has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

O.      Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not impaired under the Plan.  Unimpaired Classes 1, 2, and 4 are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code.  Impaired Classes 3, 5A and 5B were the only impaired classes entitled to vote and have accepted the Plan.  Because holders of Claims or Interests in impaired Classes 6, 7, and 8 are entitled to neither receive nor retain any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code.  Accordingly, the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of section 1129(b) of the Bankruptcy Code.

P.      The treatment of Administrative Expense Claims specified in section 2.1 of the Plan satisfy the requirements of Bankruptcy Code section 1129(a)(9)(A).  The treatment of Other Priority Claims specified in section 4.1 of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9)(B).  The treatment of the Secured Tax Claims under section 4.3 of the Plan satisfies the requirements of Bankruptcy Code 1129(a)(9)(C).

Q.      The Plan has been accepted by impaired Classes 3, 5A, and 5B, determined without consideration of any acceptance of the Plan by insiders, thus satisfying the requirement of section 1129(a)(10) of the Bankruptcy Code.

R.      Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors, as the Plan is a liquidating plan, thus satisfying the feasibility requirements of section 1129(a)(11) of the Bankruptcy Code.

S.      As set forth in section 13.1 of the Plan, the Debtors have paid, or will pay on the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

T.      Sections 1129(a)(13) regarding retiree benefits, 1129(a)(14) regarding domestic support obligations, 1129(a)(15) regarding bankruptcy filings of individuals, and 1129(a)(16) regarding debtors that are not moneyed, business, or commercial corporations of the Bankruptcy Code, are not applicable to these Chapter 11 Cases.

U.      Holders of Claims and Interests in Classes 6, 7, and 8 will neither receive nor retain any property or interest in property under the Plan and, accordingly, are deemed to have rejected the Plan.  These are the only Classes that have not accepted, or been deemed to have rejected, the Plan.  The Debtors presented uncontroverted evidence at the Combined Hearing that the Plan does not discriminate unfairly and is fair and equitable with respect to the

treatment of Claims and Interests in Classes 6, 7, and 8 because, as required by sections 1129(b)(2)(B) and 1129(b)(2)(C) of the Bankruptcy Code, there are no holders of claims or interests junior to the holders of Claims or Interests in Classes 6, 7, and 8 that will receive or retain under the Plan any property on account of such junior claims or interests. Thus, the Plan satisfies section 1129(b) of the Bankruptcy Code and may be confirmed notwithstanding its failure to satisfy section 1129(a)(8) of the Bankruptcy Code. The Plan shall be binding upon the members of Classes 6, 7, and 8 upon confirmation and the occurrence of the Effective Date.

V.     Other than the Plan (including any previous versions thereof), no other plan has been filed in these Chapter 11 Cases. As a result, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

W.     The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933 and no governmental unit has requested that the Bankruptcy Court deny confirmation on such basis, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

X.     Based on the record before the Bankruptcy Court in the Chapter 11 Cases, including the evidence adduced and presented at the Combined Hearing, the Debtors, and their officers, directors, members, managers, attorneys, and advisors, to the extent applicable, (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the

Bankruptcy Code, and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code .

       Y.    The Plan satisfies each of the requirements for confirmation set forth in section 1129 of the bankruptcy Code.

       Z.    The Bankruptcy Court finds that it may properly retain jurisdiction over the matters set forth in section 12 of the Plan and section 1142 of the Bankruptcy Code.

       AA.    All conditions precedent to confirmation set forth in section 10.1 of the Plan have been satisfied, will be satisfied by entry of this Confirmation Order, or have been duly waived.

       BB.    Section 4 of the Plan adequately and properly identifies and classifies all Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification is therefore consistent with section 1122 of the Bankruptcy Code.  Valid business and legal reasons exist for the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate among holders of Claims or Interests.  The Plan's classification scheme recognizes the differing legal and equitable rights of creditors versus Interest holders, secured versus unsecured Claims, and priority versus non-priority Claims.  Accordingly, the Plan satisfies section 1123(a)(1) of the Bankruptcy Code.

       CC.    The Plan specifies in section 4 that Classes 1, 2, and 4 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

       DD.    The Plan specifies in section 5 the Classes of Claims and Interests that are impaired, and specifies the treatment of the impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

EE.    The Plan provides for the same treatment of a Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

FF.    Section 6 of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code. Among other things, section 6 provides for (i) the establishment of the Liquidating Trust; (ii) the appointment of the Liquidating Trustee; (iii) the transfer of the Liquidating Trust Assets to the Liquidating Trust; and (iv) the cancellation of existing securities and agreements.

GG.    The Plan is a liquidating plan and thus, there will be no issuance of non-voting equity securities, thereby satisfying the requirements of section 1123(a)(6) of the Bankruptcy Code. Further, there will be no selection of the managers and officers of a reorganized debtor. Therefore, section 1123(a)(7) of the Bankruptcy Code is not applicable.

HH.    The releases, injunction, and exculpation provisions set forth in section 11 of the Plan are fair and necessary to the success of the Debtors' liquidation in light of the circumstances presented, the evidence proffered or addressed at the Combined Hearing, and the arguments set forth in the Memorandum of Law in Support of Confirmation of the Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 746].

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.    <u>Disclosure Statement Approval</u>. The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

2.    <u>Plan Approval</u>. The Plan, which consists of the Plan, as filed on November 13, 2013, and all exhibits, provisions, terms, and conditions thereto, as amended by the First

Amended Plan and the Plan Supplement, are approved and confirmed in substantially the forms as filed, because the Plan satisfies all of the requirements of Chapter 11 of the Bankruptcy Code. The terms of the Plan are incorporated herein by reference and are an integral part of this Confirmation Order.

3.     <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and conclusions of law of the Bankruptcy Court set forth herein and at the Combined Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Bankruptcy Court at the Combined Hearing are incorporated herein by reference.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

4.     <u>Confirmation Objections</u>.  All confirmation objections and responses to the Plan, to the extent not resolved, withdrawn, or otherwise addressed by this Confirmation Order or as set forth on the record at the Combined Hearing, including any reservations of rights contained therein, are hereby overruled on the merits.

5.     <u>Notice of Combined Hearing</u>.  Notice of the Combined Hearing complied with the Solicitation Procedures Order and was appropriate and sufficient based on the circumstances of the Chapter 11 Cases and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

6.     <u>Solicitation</u>.  The solicitation of votes on the Plan was appropriate and sufficient based upon the circumstances of the Chapter 11 Cases, and was in compliance with the Solicitation Procedures Order.

7.    <u>Provisions of the Plan and Order are Nonseverable and Mutually Dependent</u>.  The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

8.    <u>Plan Classification Controlling</u>.  The classification of Claims and Interests for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballots tendered to or returned by the holders of the Claims entitled to vote on the Plan (i) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for Distribution purposes, and (iii) shall not be binding on the Debtors, their estates, or the Liquidating Trustee.

9.    <u>Effects of Confirmation; Immediate Effectiveness; Binding Effect</u>.  The Debtors are hereby authorized to consummate the Plan at any time following entry of this Confirmation Order.  Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry of this Confirmation Order, the provisions of the Plan and this Confirmation Order shall be deemed binding against the Debtors and any and all holders of Claims against or Interests in the Debtors, including all governmental entities or recording offices (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts or unexpired leases with the Debtors, and any and all entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan.  Accordingly, as permitted by Bankruptcy Rule 3020(e), the

fourteen (14) day period provided by such rule is hereby waived in its entirety. Upon the occurrence of the Distributions to be made on the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101 of the Bankruptcy Code.

10.    Approval of the Appointment of the Liquidating Trustee. The appointment of the Liquidating Trustee in accordance with the Plan and the Liquidating Trust Agreement attached to the Plan Supplement are hereby approved, and the Debtors and Liquidating Trustee hereby are authorized and directed to take all such actions as are necessary to implement such appointment and the Liquidating Trust Agreement. The Debtors and Liquidating Trustee are hereby authorized to amend the Liquidating Trust Agreement through and including the Effective Date in a manner consistent with the Plan.

11.    Plan Supplement Documents Approved. The forms, terms, and provisions of each of the Plan Supplement documents filed with this Court are hereby approved. The Debtors are hereby authorized to amend any of the Plan Supplement documents through and including the Effective Date in a manner consistent with the Plan.

12.    Transfer of Trust Assets. As set forth in section 6.5.2 of the Plan, upon the establishment of the Liquidating Trust pursuant to the Liquidating Trust Agreement, all Liquidating Trust Assets shall be deemed transferred to the Liquidating Trust without any further action of any of the Debtors. The transfer of the Liquidating Trust Assets pursuant to the Plan (a) is a legal, valid, and effective transfer of property, (b) vests the Liquidating Trust with good title to such property free and clear of all Liens, Claims, and Interests, except as specifically provided in the Plan or this Confirmation Order, (c) does not constitute an avoidable transfer under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) does not and shall

not subject the Liquidating Trustee to any liability by reason of such transfer under the

Bankruptcy Code or under applicable nonbankruptcy law.

13.    <u>Payment of Fees and Post-Confirmation Reporting</u>.    All fees due and

payable pursuant to section 1930 of title 28 of the U.S. Code prior to the Effective Date shall be

paid by the Debtors.  On or after the Effective Date, the Debtors or the Liquidating Trustee shall

pay any and all such fees when due and payable.  The Debtors or the Liquidating Trustee shall

file post confirmation quarterly reports or any pre-confirmation monthly operating reports not

filed as of the Combined Hearing in conformity with the U.S. Trustee guidelines, until entry of

an order closing or converting the cases.

14.    <u>Continuation of the Automatic Stay</u>.  All injunctions or stays provided for

in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in

existence on the date of entry of this Order, shall remain in full force and effect until the

Effective Date.

15.    <u>Insurance</u>.  Pursuant to section 6.7 of the Plan, the Debtors release from all

claims as provided in the Plan, except as necessary to be consistent with the Plan, confirmation

of the Plan shall not impair or otherwise modify any indemnity obligations arising under the

D&O Liability Insurance Policies.  In addition, after the Effective Date, the Liquidating Trustee

shall not terminate or otherwise reduce the coverage under any D&O Liability Insurance Policies

(including any "tail policy") in effect on the Petition Date, and all directors and officers of the

Debtors who served in such capacity as of the Petition Date at any time prior to the Effective

Date shall be entitled to the full benefits of any such policy for the full term of such policy

regardless of whether such directors and officers remain in such positions after the Effective

Date.

16.    <u>Cancellation of Agreements, Notes, and Interests</u>.  On the Effective Date, except to the extent otherwise expressly provided in the Plan, all notes, stock, interests, instruments, certificates, and other documents evidencing the Interests in any of the Debtors shall be deemed automatically extinguished, cancelled and of no further force or effect, and the Debtors shall not have any continuing obligations thereunder.  On the Effective Date, except to the extent otherwise expressly provided in the Plan, any indenture or other agreement relating to any of the foregoing shall be deemed automatically extinguished, cancelled and of no further force or effect, and the Debtors shall not have any continuing obligations thereunder.

17.    <u>Administrative Claims Bar Date</u>.  Pursuant to this Confirmation Order, an Administrative Expense Claims Bar Date for filing Administrative Expense Claims is established thirty (30) days after the Effective Date or the first Business Day following such day.  The Administrative Expense Claims Bar Date will be applicable for holders of Administrative Expense Claims that have not been previously deemed Allowed by a final, non-appealable order of the Bankruptcy Court.  Failure to timely file with the Bankruptcy Court and serve such a request for payment shall result in any Administrative Expensive Claims being forever barred.

18.    <u>Professional Fee Claims</u>.  All final requests for payment of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Debtors, their counsel, the Liquidating Trustee, and other necessary parties-in-interest no later than forty –five (45) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be filed and served on the Debtors, their counsel, the Liquidating Trustee and the requesting Professional or other entity on or before the date that is

thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable application was served.

19.  <u>Professional Fees and Expenses Incurred After the Effective Date</u>. Professional fees and expenses incurred by the Debtors or the Liquidating Trustee and their professionals after the Effective Date may be paid by the Debtors or the Liquidating Trustee in the ordinary course of business and without application or Bankruptcy Court approval.

20.  <u>Assumed and Rejected Contracts and Leases</u>.  Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, each Debtor shall be deemed to have rejected each pre-petition executory contract and unexpired lease to which it is a party unless such executory contract or unexpired lease (a) was previously assumed or rejected upon motion by a Final Order, (b) previously expired or terminated pursuant to its own terms, (c) is listed in the Plan Supplement as an assumed contracts and lease, or (d) is the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by a Debtor on or before the date of this Order.

21.  <u>Bar to Rejection Damages</u>.  If the rejection of an executory contract or unexpired lease pursuant to the Plan results in a Claim, a Proof of Claim must be filed with the Bankruptcy Court and served upon counsel for the Debtors and the Liquidating Trustee on or before the date that is thirty (30) days after the Effective Date or such later rejection date that occurs as a result of a dispute concerning amounts necessary to cure any defaults.  All Allowed Rejection Damages Claims shall be treated as General Unsecured Claims pursuant to the terms of this Plan.

22.    <u>Limited Consolidation</u>. To promote efficient administration and effectuation of the Plan, including for purposes of Distributions to be made under the Plan, pursuant to Bankruptcy Code section 105 and Bankruptcy Rule 9019, the Debtors are authorized (a) to consolidate the Prommis Debtors solely with respect to Holders of Prommis General Unsecured Claims, and (b) to consolidate the EC Debtors solely with respect to Holders of EC General Unsecured Claims (the "<u>Consolidations</u>"). The Consolidations (other than for the purpose of effectuating the Plan) shall not affect: (1) the legal and corporate structures of the Debtors; (2) pre- and post-Effective Date guarantees, liens and security interests that are required to be maintained (a) in connection with executory contracts and unexpired leases that have been or will be assumed, if any, or (b) pursuant to the Plan; (3) subsidiary Interests between and among the Debtors; (4) distributions from any insurance policies or proceeds of such policies; and (5) the vesting of assets in the Liquidating Trust.

23.    <u>Final Decree</u>. This order shall act as a final decree in the following chapter 11 cases: (i) Prommis Fin Co., Case No. 13-10552 (BLS); (ii) Prommis Solutions, LLC, Case No. 13-10553 (BLS); (iii) E-Default Services LLC, Case No. 13-10554; (iv) Statewide Tax and Title Services of Alabama LLC, Case No. 13-10555 (BLS); (v) Statewide Tax and Title Services LLC, Case No. 13-10556 (BLS); (vi) Statewide Publishing Services LLC, Case No. 13-10557 (BLS); (vii) Nationwide Trustee Services, Inc., Case No. 13-10558 (BLS); (viii) Nationwide Trustee Services of Virginia, Inc., Case No. 13-10559 (BLS); (ix) Interface Inc., Case No. 13-10560; (x) Prommis Homeownership Solutions, Inc., Case No. 13-10561 (BLS); (xi) EC Closing Corp., Case No. 13-11619 (BLS); (xii) EC Closing Corp. of Washington, Case No. 13-11620 (BLS); and (xiii) EC Posting Closing Corp., Case No. 13-11621 (BLS). All matters with respect to these chapter 11 cases shall be consummated through Prommis Holdings,

LLC, Case No. 13-10551 (BLS), which shall remain open until such time as the Debtors or the Liquidating Trustee files a motion closing or converting the case.

24.     Revocation, Withdrawal, or Non-Consummation.  Subject to the terms of, and without prejudice to the rights of any party, the Debtors reserve the right to revoke or withdraw the Plan at any time prior to the Effective Date.  If the Debtors revoke or withdraw the Plan prior to the Effective Date, or if the Effective Date does not occur, the Plan, any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claims or Interests or Classes of Claims or Interests), the assumption or rejection of executory contracts or unexpired leases effected by the Plan, any release, exculpation or indemnification provided for in the Plan shall be null and void.

25.     Releases, Exculpation, and Limitation of Liability.  The releases set forth in section 11.8 of the Plan and the exculpation provision set forth in section 11.5 of the Plan are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety; provided, however, that section 11.8 of the Plan shall not apply to holders of Claims who affirmatively voted to opt-out of the Releases.

26.     Injunction.  Except as provided in the Plan or this Confirmation Order, as of the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, directly or indirectly, including indirect pursuit of any Claims against any Debtor by litigation or other claims against employees of any Debtor as of the Petition Date or an Indemnified Party, who were acting in their capacities and scope as employees with respect to the litigation claims made against such former employees; (b) the

enforcement, attachment, collection or recovery by any manner or means of any judgment,

award, decree, or order against the Debtors on account of any such Claim or Interest; (c)

creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or against the

property or interests in property of the Debtors on account of any such Claim or Interest; (d)

asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due

from the Debtors or against the property or interests in property of the Debtors or the Liquidating

Trust on account of any such Claim or Interest; and (e) commencing or continuing in any manner

any action or other proceeding of any kind with respect to any claims and causes of action which

are retained pursuant to this Plan.  Such injunction shall extend to successors of the Debtors,

including, without limitation, the Liquidating Trust and its properties and interests in property.

Notwithstanding the foregoing, the injunction provided by the Plan is subject to the Injunction

Exemption, as set forth in section 11.5 of the Plan, in order to allow litigants pursuing wrongful

foreclosure actions in which one or more of the Debtors is named a defendant based on such

Debtor's role as trustee, to pursue claims in such lawsuits solely as set forth in section

11.5(a)-(e).  By accepting Distributions pursuant to the Plan, each Holder of an Allowed Claim

receiving a Distribution pursuant to the Plan shall be deemed to have specifically consented to

the injunctions set forth in section 11.5 of the Plan.  Notwithstanding the foregoing, to the extent

Willis Wash World, LLC ("Willis") has any rights to enforce a contract to sell real estate

pursuant to Willis' claims as set forth in the action styled as Civil Action No. 41596, Willis Wash

World, LLC v. Nationwide Trustee Services, Inc. (the "Action"), pending in the Chancery Court

for Washington County at Jonesborough, Tennessee, Willis shall maintain the same rights with

respect to enforcement of the alleged contract in the Action after entry of this Confirmation

Order notwithstanding anything to the contrary contained in this Confirmation Order, the Plan,

or the exhibits thereto. Furthermore, all Willis' arguments with respect to its Motion for Relief from Stay [D.I. 627] (the "Willis Stay Relief Motion") are expressly preserved and Willis' rights in respect thereof, if any, are not impaired or otherwise altered by this Confirmation Order, the Plan, or the exhibits thereto, subject to this Court's ruling regarding the Willis Stay Relief Motion.

27.    Injunction Exemption. Notwithstanding the foregoing, the injunction provided by the Plan is subject to the exemption procedures stated below (the "Injunction Exemption") in order to allow litigants (collectively, the "Plaintiffs") pursuing wrongful foreclosure actions (each a "Foreclosure Action" and collectively, the "Foreclosure Actions") in which one or more of the Debtors is named a defendant based on such Debtor's role as trustee, to pursue claims in such lawsuits solely as follows:

(a)    Any Plaintiff seeking to avail itself of the Injunction Exemption must file a statement of election with the Bankruptcy Court stating that the Plaintiff elects to avail itself of the Injunction Exemption (provided that no filing is necessary after all of the Debtors' cases are closed), and shall serve such election upon the Liquidating Trustee. A Plaintiff who has filed and served an election as provided herein is hereinafter referred to as an "Exempt Plaintiff";

(b)    An Exempt Plaintiff may seek declaratory relief against the Debtors in its Foreclosure Action, such as a declaration that one or more instruments or actions involving the Debtors were improper or otherwise of no legal or equitable effect; provided, however, that no injunctive or other equitable relief may be sought or granted as against the Debtors in a Foreclosure Action, including, but not limited to the entry of any order demanding or requiring that any of the Debtors take any action or turnover any property, inasmuch as the Debtors have no legal or equitable interest in the underlying property or proceeds of any sale, and served merely as an agent of a foreclosing lender;

(c)    to the extent that any verdict, judgment, or settlement establishing monetary liability is obtained in favor of an Exempt Plaintiff and against any of the Debtors, and to the extent that any of the Debtors have liability insurance available that would cover any of the Plaintiffs' claims, the Plaintiffs may take action to collect upon any such insurance as may be available under any such insurance policy without further proceedings before the Bankruptcy Court;

(d)    any verdict or judgment or settlement for a monetary award against any of the Debtors, to the extent not satisfied by the Debtors' insurance (if any), shall serve solely to liquidate the unsatisfied amount of the Plaintiffs' claim(s) against the Debtors, if any, provided, however, that any claim(s) for punitive damages shall be subordinate in right of payment to allowed unsecured claims pursuant to 11 U.S.C. § 726(a)(4) and all rights to object to any such claim(s) in accordance with the Plan are expressly preserved;

(e)    if any of Plaintiffs' claim(s) are asserted against employees or former employees of the Debtors based on alleged acts taken within the scope of such employee's employment with the Debtors,  no judgment or relief, other than declaratory relief, may be sought or granted as to any such individuals in the Foreclosure Actions; and

(f)    to the extent that prior to the Petition Date there was counsel of record for the Debtors in the Foreclosure Actions, such counsel has not been authorized by the Bankruptcy Court to continue to represent the Debtors, and therefore, no prior counsel of record should be required or permitted to continue to act to defend the Debtors in the Foreclosure Actions (subject to any determination by the court presiding in the Foreclosure Actions that regardless of such circumstances, an entity defendant requires counsel of record).

28.    <u>Litigation Rights and Permitted Preference Actions</u>.  Except as otherwise provided in the Plan (including section 11.7 of the Plan), or the Confirmation Order, in accordance with section 1123(b) of the Bankruptcy Code, on the Effective Date, nothing contained in the Plan or in this Order shall be deemed to be a waiver or the relinquishment of any rights or causes of action that the Debtors or the Liquidating Trustee may have or which the Liquidating Trustee may choose to assert on behalf of the Debtors' Estates under any provision of the Bankruptcy Code or any applicable nonbankruptcy law or rule, common law, equitable principle or other source of right or obligation, including, without limitation, (i) any and all Claims against any Person or Entity, to the extent such Person or Entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks affirmative relief against the Debtors or their officers, directors, or representatives, and (ii) the turnover of all property of the Debtors' Estates.

29.    <u>No Waiver of Claims</u>.  Section 11.12.1 of the Plan is amended such that the following paragraph replaces the current section 11.12.1 of the Plan in its entirety:

(a)    Except as otherwise expressly provided in the Plan (including in Section 11.7 hereof) and the Liquidating Trustee Causes of Action, nothing contained in this Plan or in the Plan Confirmation Order shall be deemed to be a waiver or the relinquishment of any rights or causes of action that the Debtors or the Liquidating Trustee may have or which the Liquidating Trustee may choose to assert on behalf of the Debtors' Estates under any provision of the Bankruptcy Code or any applicable nonbankruptcy law or rule, common law, equitable principle or other source of right or obligation, including, without limitation, (i) any and all Claims against any Person or Entity, to the extent such Person or Entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks affirmative relief against the Debtors or their officers, directors, or representatives, (ii) the turnover of all property of the Debtors' Estates, and (iii) any claims or causes of action that the Debtors or their estates possess as against MS Default Resolution, LLC ("MS Default") including, without limitation, with respect to proceeds of foreclosure sales conducted and/or cried out by MS Default, provided, however, that (1) the Liquidating Trustee shall not be required to prosecute any claims or causes of action against MS Default unless and until (a) either Johnson & Freedman, LLC ("J&F") or JPMorgan Chase Bank, N.A. ("Chase") request that the Liquidating Trustee prosecute such claims or causes of action and (b) an agreement is reached with respect to the payment of the fees and expenses to be incurred by the Liquidating Trust in its prosecution of any such claims or causes of action; and (2) notwithstanding anything to the contrary in the Confirmation Order, Plan, Disclosure Statement or Plan Supplement, the claims and causes of action against MS Default are expressly preserved and shall be Causes of Action and Liquidating Trustee Causes of Action and the Liquidating Trustee shall be authorized to pursue such claims and causes of action against MS Default provided, however, the net proceeds of any such claims and causes of action shall be the property of Chase or J&F or both and shall be paid to Chase or J&F (subject to Chase and  J&F agreeing on the appropriate recipient and advising the Liquidating Trustee)..

30.    <u>Supplemental Bar Date</u>.  Each person or entity identified on Schedule 1 of the Plan that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors, shall file a Proof of Claim in the Case so that it is received by Donlin Recano & Company, Inc. ("<u>DRC</u>") on or before the first Business Day that is thirty (30) days after the Effective Date in accordance with the Supplemental Bar Date Notice attached to the Plan as Schedule 1.1.

(a)    The Supplemental Bar Date Notice, substantially in the form attached to the Plan as Schedule 1.1 and the Proof of Claim form, substantially in the form of Official Bankruptcy Form 10, are hereby approved in all respects. Prior to mailing the Proof of Claim form and the Supplemental Bar Date Notice,

the Debtors may fill in any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other-non material, non-substantive changes as they deem appropriate.

(b)    The Supplemental Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail, postage prepaid no later than five (5) Business Days following entry of this Order, upon the parties identified in Schedule 1.

31.    <u>Distributions: Reserves</u>.  The provisions of the Plan, including sections 7 and 8, and the Liquidating Trustee Agreement governing distributions, reserves, and the procedures for resolving and treating Disputed Claims under the Plan, are approved and found to be fair and reasonable.

32.    <u>Waiver of Preference Actions</u>.  Except as otherwise provided in the Plan or the Confirmation Order, or in any contract, instrument, release, indenture, or other agreement entered into in connection with the Plan, in accordance with section 1123(b) of the Bankruptcy Code, on the Effective Date, each Debtor or the Liquidating Trustee shall waive all of its respective rights and interests in preference actions that such Debtor or Reorganized Debtor may hold against any Entity (other than as to the Entities who may be potential defendants of Reserved Avoidance Actions as set forth in Schedule 2 to the Plan), <u>provided</u>, <u>however</u>, that notwithstanding the foregoing waiver of Preference Actions, each Debtor or the Liquidating Trustee shall be permitted to use any available defenses under section 502 of the Bankruptcy Code, including the assertion of a preference action, to the extent permissible, to setoff against or otherwise reduce all or part of any claim asserted against any of the Debtors' Estates.

33.    <u>Consents and Approvals</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan

and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan, including the dissolution of any of the Debtors.

34.     Section 1146(a) Waiver.  Pursuant to section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange of any security under the Plan, or the making or delivery of any instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or other similar tax, including, but not limited to, any taxes required to be paid to Tennessee or any other jurisdiction assessed on account of filings pursuant to the Uniform Commercial Code.

35.     Transfer of Privilege.  To the fullest extent permitted by law, the Debtors shall be deemed to transfer to the Liquidating Trustee all rights of the Debtors and their estates to exercise or waive any attorney-client privilege, attorney-accountant privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications relating to the Liquidating Trust Assets, and the Liquidating Trustee is authorized to take all actions necessary to effectuate the transfer of such privileges.  After the Effective Date, the Liquidating Trustee shall have exclusive power and authority to waive such privileges.

36.     Dissolution of the Creditors Committee.  On the Effective Date, the Creditors Committee shall have no further powers or duties and shall be dissolved for all purposes; provided, however, that the Creditors' Committee and its Professionals shall be entitled, after notice and a hearing, to reasonable compensation and reimbursement of actual and necessary expenses incurred post-Effective Date in preparing and filing applications for Accrued Professional Compensation Claims or for reimbursement of expenses incurred by members of the Creditors' Committee.

25

37.    <u>Retention of Jurisdiction</u>.  Notwithstanding confirmation of the Plan or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the matters set forth in section 12 of the Plan, which provisions are incorporated herein by reference.

38.    <u>Distribution of Cash and Interests</u>.  This Confirmation Order shall constitute the Bankruptcy Court's prior written consent for the Liquidating Trustee to make all distributions of Cash required to be distributed under the applicable provisions of the Plan and the Liquidating Trustee Agreement.  The Liquidating Trustee may employ or contract with other entities to assist in or make the Distributions to the extent set forth in the Liquidating Trust Agreement.

39.    <u>Failure to Reference Provisions of the Plan</u>.  The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

40.    <u>Technical Adjustments</u>.  Prior to the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan without further order or approval of this Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims or Interests.

41.    <u>No Post-Confirmation Amendment or Filing of Claims</u>.  Except as otherwise provided in the Plan or this Order, any party filing a proof of claim or an amendment to a proof of Claim after the bar date established by the Court shall not be entitled to treatment as

a creditor with respect to such Claim or amendment for the purposes of distribution under the Plan absent allowance by the Court.

42.    Notice of Entry of Confirmation Order.    The Debtors and their authorized agent shall serve notice of (a) entry of this Confirmation Order and (b) the last date to file (i) Professional Fee Claims (ii) Administrative Expense Claims and (iii) Claims arising from the rejection of executory contracts and unexpired leases, substantially in the form annexed hereto as Exhibit A, which form is hereby approved, on all creditors of the Debtors as of the date hereof, and other parties in interest within ten (10) Business Days from the Effective Date.

43.    Inconsistency.    In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents.    In the event of any inconsistency between the Plan and any agreement, instrument or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern, unless otherwise expressly provided for in such agreements, instruments, or documents.

44.    Vacatur of Confirmation Order.    If this Order is vacated, then the Plan shall be null and void in all respects, and nothing contained in the Plan shall (a) constitute a waive or release of any Claims against or Interests in the Debtors; (b) prejudice in any manner the rights of the holder of any Claim against or Interest in, the Debtors; and (c) be deemed as an admission against interest by the Debtors.

45.    Enforceability.    Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, the Plan Supplement, and all

plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

46.    <u>Partial Waiver of Stay</u>.  Notwithstanding any Bankruptcy Rules to the contrary, this Order shall be stayed until the expiration of seven (7) days after entry thereof pursuant to Bankruptcy Rules 3020(e) and 9006(c).

Dated: December 19, 2013

The Honorable Brendan Linehan Shannon
United States Bankruptcy Judge

47. Any rights of Cypress Innovations, Inc. to setoff, if any, are expressly preserved notwithstanding the effect of section 1141 of the Bankruptcy Code, subject to the rights of any party in interest, including the Liquidating Trustee, to object to the applicability of such setoff under applicable law.