## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

2014 FEB -3  AM 11: 2 ┆

FILED

CLERK
US BANKRUPTCY COU┆

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
|  | ) |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) |
|  | ) |
|  | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) Objection deadline: February 18, 2014 |
|  | ) Hearing date: March 4, 2014 at 10:00am |

**MOTION OF MICHAEL C. GREENSPON FOR LIMITED RELIEF FROM
11 U.S.C. § 362 AUTOMATIC STAY TO PURSUE LITIGATION AND
ELECTION AS EXEMPT PLAINTIFF UNDER THE PLAN'S
INJUNCTION EXEMPTION**

Michael C. Greenspon, *pro se* ("Plaintiff") hereby moves the Court pursuant to Bankruptcy Code

Section 362(d)(1) for entry of an order granting him relief from the automatic stay, and/or,

alternately, hereby elects "Exempt Plaintiff" status per section 27 of this Court's December 19,

2013 Order Confirming the Debtors' First Amended Plan of Liquidation ("Plan Confirmation

Order", Doc #765) and section 11.5 of said Plan, for the limited purpose of conducting litigation

to prosecute certain relief (as set forth below) in wrongful foreclosure lawsuits pending in the

Circuit Court of the State of Hawaii styled 1) *Greenspon v. Prommis Holdings, LLC, et al.*, Civ.

No 14-1-0018(2) ("Prommis Action"); and 2) *Greenspon v. Deutsche Bank, et al.*, Civ. No. 11-1-

0194-01 (BIA) ("Deutsche Action") (collectively, the "Actions"), and in support respectfully

states as follows:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-
identification number, are:  Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions,
LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide
Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services
of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); EC Closing Corp. (f/k/a Cal-
Western Reconveyance Corp.) (8580); EC Posting Closing Corp. (9995); EC Mailing Corp. (f/k/a Interface
Inc.) (9903); Prommis Homeownership Solutions, Inc. (0569); and EC Closing Corp. of Washington (2552).
The location of the Debtors' headquarters and the Debtors' service address is P.O. Box 767427, Roswell, GA
30076.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2.  The State court Actions are non-core proceedings seeking only declaratory relief with respect to the Debtors, in conformance with the Injunction Exemption given by section 11.5(a) of the Plan and section 27(a) of the Plan Confirmation Order.

3.  While this Court would have jurisdiction to hear the Prommis Action under 28 U.S.C. 157, Plaintiff suggests that venue would be inconvenient and thus improper, as the witnesses and documentary evidence to be produced are located in Hawaii and California.

4.  Further, the Actions[2], and particularly the Prommis Action, turn on novel questions and application of Hawaii State law, and Plaintiff suggests the Actions would be best and most timely adjudicated in State forums pursuant to 28 U.S.C. § 1334(c)(1) and (2).

5.  Venue is appropriate in Hawaii, and the Hawaii Circuit Courts have jurisdiction, as the Actions arise from real property related transactions there, where Plaintiff is a resident, and defendant Debtors conducted business and provided services.

6.  Debtors are not "debtors" under the Bankruptcy Code with respect to Plaintiff and the Actions, in that no debt is owed to Plaintiff and Debtors do not hold or claim any interest in Plaintiff's real property. Thus, Debtors should not be subject to the protections of the automatic stay in regard to the Actions, to the extent that the Actions are not seeking monetary damages, equitable or injunctive relief from or with respect to Debtors.

## FACTUAL BACKGROUND

7.  As alleged in the Prommis Action, attached hereto as Exhibit 1, the Actions stem from a bad real estate development deal in which IndyMac Bank FSB ("IndyMac"), starting in

---

[2] The Deutsche Action names Cal-West as a defendant and is presently on appeal as Hawaii ICA Case NO. CAAP-13-0001432.

2003, provided partial financing to Plaintiff to construct a residence on the island of Maui, Hawaii (the subject "Property".) IndyMac failed in July, 2008 and was reorganized by the FDIC at the peak of the financial crisis via a "bridge bank", IndyMac Federal Bank FSB ("IMFB"), the bulk of whose assets and staff were sold to the newly formed, privately owned OneWest Bank FSB ("OneWest") in March, 2009. The FDIC however retained a substantial slice of IMFB's assets for later disposition, including Plaintiff's Mortgage, which were not sold to OneWest, but for which OneWest claims to have or have had certain servicing or agency rights and powers on behalf of the FDIC-Receiver for IMFB.

8.  Plaintiff suffered from years of IndyMac's nonperformance, delays, failure to timely disburse funds, usurious overcharges and unconscionable runaround during the course of the construction phase, notwithstanding which Plaintiff performed and constructed the residence as contemplated, investing a substantial amount of his own capital and personal labor. Subsequently, in light of these abuses, Plaintiff negotiated a modification agreement with IndyMac in 2008 which IndyMac/IMFB/OneWest then breached and refused to honor. Instead, OneWest, purportedly as agent of the FDIC-Receiver for IMFB, wrongfully initiated a non-judicial foreclosure process and foreclosed Plaintiff's Mortgage in February, 2010, purportedly transferring title to Deutsche Bank National Trust Company ("Deutsche"), allegedly as a stranger trustee of a mortgage-backed securitization trust which had closed in 2006. Deutsche then wrongfully obtained a summary judgment for possession of Plaintiff's Property, which Plaintiff is presently appealing.

9.  As detailed in the Prommis Action, not only was the foreclosure wrongfully initiated, but the conduct of the sale was flawed, unfair, deceptive and anti-competitive, violating applicable Hawaii statutes in numerous ways, including by neglecting to properly advertise continuances of the auction sale in order to attract bidders and encourage bidding, obtain the highest price, and protect the mortgagor Plaintiff's equity in the Property. The same flawed and deceptive sale processes in violation of statute were

perpetrated systematically by the Debtors and their co-defendants not only for Plaintiff's Property, but for many thousands of properties in Hawaii during the period approximately 2008 through 2011.

10. Debtors Prommis Holdings, LLC ("Holdings"), Prommis Solutions, LLC ("Solutions") also d.b.a. Reliable Posting and Publishing ("Reliable"), and Cal-Western Reconveyance Corp., s/k/a EC Closings Corp. ("Cal-West") were amongst a cluster of service providers and subagents who acted on behalf of OneWest, purportedly in this case with delegated authority from the FDIC-Receiver which has never been shown, in order to conduct the non-judicial foreclosure sale process of Plaintiff's Property in Hawaii.

11. As alleged and shown in the Prommis Action, Debtors along with their co-defendants manufactured documents required by the Hawaii non-judicial foreclosure statute including a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" ("NOI"), "Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale" ("FC Affidavit"), and "Mortgagee's Grant Deed Pursuant to Power of Sale" ("FC Deed") and also conducted the auction sale, as alleged by the FC Affidavit, and were thereby entrusted with certain trustee duties to mortgagor Plaintiff as given by the Mortgage power of sale.

12. These aforesaid documents and instruments exhibit numerous material inaccuracies, misrepresentations, unauthorized, perjured and/or forged executions and notary certificates, errors, omissions and other flaws which render them invalid as the basis for an action seeking possession of Plaintiff's Property, but which were represented to Hawaii courts as valid by OneWest, Deutsche and Cal-West, resulting in a judgment which Plaintiff now seeks to set aside as void.

13. On January 23, 2014, Plaintiff, timely with respect to the Supplemental Bar Date of January 27, 2014, submitted three Proofs of Claim via priority express mail to the claims agent, Donlin, Recano & Company, Inc. ("DRC"), covering the Actions with respect to Holdings, Solutions and Cal-West. The Proofs were denominated "unliquidated" and

intended only to preserve Plaintiff's rights to prosecute the Actions and not to assert any monetary claims against the Debtors, nor to interfere with the timely disposition of Debtors' bankruptcy.

## **RELIEF REQUESTED**

14. By this motion, and having viewed the Court's order of September 4, 2013 (Doc #566) Extending the Automatic Stay to Certain Litigation and the annulling of the stay granted therein to certain Crawford Plaintiffs, and in compliance with the Injunction Exemption as given by section 11.5 of the Plan and section 27(a) of the Plan Confirmation Order, Plaintiff here seeks parallel relief to prosecute the Actions and pursue claims by entry of an express order substantially in the form of Exhibit A.

15. Plaintiff seeks discovery, declaratory relief and determination of liability with respect to Debtors and their co-defendants, sufficient to show and determine that aforesaid manufactured documents and instruments, and sale conduct by Debtors and their co-defendants, were and are invalid, improper or otherwise of no legal or equitable effect under applicable Hawaii non-judicial foreclosure statutes, and to void the judgment of possession for Plaintiff's Property and any other judgments or actions resulting there from.

16. No employees or former employees of Debtors are named as defendants by the Actions. However, Plaintiff reserves the right to name former director(s) and/or officer(s) of Debtors to the extent necessary to effect recovery via applicable liability insurance carried by Debtors, if any.

17. If there is no substantial objection to this Motion and Election, or if the Court on its own initiative may so decide, and in the interest of judicial economy, Plaintiff further requests that this relief be granted promptly without hearing, or alternately that Plaintiff may appear telephonically.

## BASIS FOR RELIEF

18. Plaintiff hereby elects to avail itself of the Injunction Exemption pursuant to section 11.5(a) of the Plan, section 27(a) of the Plan Confirmation Order, and Plan Supplements (Doc #776 and #745.) Thus, **Plaintiff-Movant is an Exempt Plaintiff**.

19. Whether cause exists to lift the automatic stay should be determined on a case by case basis. *See Izzarelli v. Rexene Prod. Co.* (In re Rexene Prod. Co.), 141 B.R. 574, 576 (Bankr.D.Del. 1992).

20. **Lifting of the stay to permit Plaintiff-Movant to prosecute the Actions would not prejudice or delay liquidation of the estate of the Debtors** because the Actions seek only declaratory relief with respect to the Debtors. Debtors do not hold or claim any interest in Plaintiff's property and no debt is owed to Plaintiff by Debtors. No monetary judgment against the bankruptcy estate of Debtors would result from the lifting of the stay.

21. Conversely, **Plaintiff-Movant would suffer hardship and prejudice if subject to the stay,** because obstructing Plaintiff's right to prosecute the Actions would interfere with his ability to void a wrongful judgment of possession for Plaintiff's Property and sole residence, which judgment was obtained based on the false and perjured documents, instruments and testimony therein of Debtors and their co-defendants, and the illegal, unfair, deceptive, and anti-competitive practices of Debtors and their co-defendants in conducting the non-judicial foreclosure sale of Plaintiff's Property as alleged in the Prommis Action.

22. **Plaintiff-Movant has a reasonable probability of prevailing on the merits of the Actions** because, as detailed in the Prommis Action, both the Hawaii Supreme Court in *Lee v. HSBC Bank USA*, 121 H. 287, 218 P.3d 775 (2009), and the 9th Circuit *In re Kekauoha-Alisa*, 674 F. 3d 1083 (2012) have unequivocally reiterated the principle of strict compliance with the power of sale as a precondition for a valid resulting transfer of title, and Plaintiff can clearly show that the actions, documents and instruments done and

made by Debtors and their co-defendants are materially flawed and fall far short of said strict compliance with statute and the power. "To effect a valid sale under power, all the directions of the power must be complied with...this is unquestioned." *Lee*, citing *Silva v. Lopez*, 5 H. 262, 263 (Haw. Kingdom 1884). See also Perry, *Trusts and Trustees Volume 2* § 602 (strict compliance with power required to protect mortgagor and prevent fraud; any defects void resulting title) as cited by *Silva*.

23. To the extent **the Actions turn primarily on interpretation and application of Hawaii State law,** including matters of first impression, Plaintiff suggests the Actions would be best and most timely adjudicated in State forums pursuant to 28 U.S.C. § 1334(c)(1) and (2).

24. **Granting Plaintiff-Movant relief from stay so that he may prosecute the Actions to final judgment(s) with respect to Debtors and their co-defendants would provide a complete resolution of the issues** presented in the underlying Actions with respect to Debtors, because Plaintiff seeks only declaratory relief and determination of liability with respect to Debtors. Once said relief and determination are finally obtained, there would be no further outstanding issues between Plaintiff and Debtors. Final judgment against Debtors, if obtained, would not result in any liens against Debtors.

25. **Granting Plaintiff-Movant relief from stay would not in any way interfere with the timely resolution of Debtors' instant bankruptcy proceeding, and would not prejudice any Creditors** because Plaintiff is not asserting any monetary or equitable claims against Debtors' estate.

26. Finally, **the "balance of the hurts" supports granting Plaintiff-Movant relief from the stay** to pursue the Actions because any delay in Plaintiff's prosecution of the Actions would jeopardize his ability to void the judgment for possession of his Property and sole residence. Conversely, Debtors and their bankruptcy estate would not be harmed by said lifting of the stay.

## NOTICE

27. Notice of this Motion and Election shall be provided to the following parties: (a) the United States Trustee; (b) counsel for the Debtors; (c) the Liquidating Trustee; and (d) all entities that are registered to automatically receive notice electronically, if this Motion is so filed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff Michael C. Greenspon respectfully requests the entry of an order, in substantially the same form attached hereto as "Exhibit A": (i) granting Plaintiff relief from stay; (ii) permitting Plaintiff to prosecute the Actions against Debtors and their co-defendants as aforesaid; and (iii) granting such other and further relief as the Court deems just and appropriate under the circumstances.

DATED: January 27th, 2014, Haʻiku, Hawaiʻi, and respectfully submitted,

MICHAEL C. GREENSPON

/s/ Michael C. Greenspon
Plaintiff *pro se*
1135 Makawao Ave Ste 103 #321
Makawao, HI 96768
Telephone: (510) 524-5200
Email: m@mauinetworks.com