# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| PROMMIS HOLDINGS, LLC, et al.,[1] | ) Case No. 13-10551 (BLS) ) ) (Jointly Administered) ) |
| Debtors. | ) ) Related Docket No. 908 |

## AGREED ORDER GRANTING RELIEF FROM STAY AND PLAN INJUNCTION

Upon the Agreement and the related Certification of Counsel; the Court having determined that (A) the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and paragraph 37 of the Order Approving the Disclosure Statement and Findings of Fact, Conclusions of Law and Order Confirming the Debtors' First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code (Docket No. 765); (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (C) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Nathaniel Basola Sobayo ("Plaintiff") relief from the automatic stay and plan injunction as set forth herein; it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. The automatic stay provided by 11 U.S.C. § 362 and the injunction set forth in section 11 of the Debtors' First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); EC Closing Corp. (8580); EC Posting Closing Corp. (9995); EC Mailing Corp. (f/k/a Interface Inc.) (9903); Prommis Homeownership Solutions, Inc. (0569); and EC Closing Corp. of Washington (2552). The chapter 11 cases have all been closed with the exception of Prommis Solutions, LLC which will remain open until further order of this Court.

Code (Docket No. 747) (the "Plan Injunction") is hereby lifted and annulled to the extent necessary to allow Plaintiff to prosecute the wrongful foreclosure-related lawsuits pending in the Superior Court of the State of California, County of San Mateo (the "State Court") styled *Nathaniel Basola Sobayo v. Chase Bank, et al.*, Case No. CIV 516752 (the "Action") and to pursue claims therein as follows:

a. Plaintiff may seek declaratory relief against the Debtors in the Action, such as a declaration that one or more instruments or actions involving the Debtors were improper or otherwise of no legal or equitable effect; provided, however, that no injunctive or other equitable relief may be sought or granted as against the Debtors in the Action, including, but not limited to the entry of any order demanding or requiring that any of the Debtors take any action or turnover any property, inasmuch as the Debtors have no legal or equitable interest in the underlying property or proceeds of any sale, and served merely as an agent of a foreclosing lender;

b. to the extent that any verdict, judgment, or settlement establishing monetary liability is obtained in favor of Plaintiff and against any of the Debtors, and to the extent that any of the Debtors have liability insurance available that would cover any of the Plaintiff's claims, the Plaintiff may take action to collect upon any such insurance as may be available under any such insurance policy without further proceedings before the Bankruptcy Court;

c. any verdict or judgment or settlement for a monetary award against any of the Debtors, to the extent not satisfied by the Debtors' insurance (if any), shall serve solely to liquidate the unsatisfied amount of the Plaintiff's claim(s) against the Debtors, if any, provided, however, that any claim(s) for punitive damages shall be subordinate in right of payment to allowed unsecured claims pursuant to 11 U.S.C. § 726(a)(4) and all rights to object to any such claim(s) in accordance with the Plan are expressly preserved;

d. if the Plaintiff asserts claims against employees or former employees of the Debtors based on alleged acts taken within the scope of such employee's employment with the Debtors, no judgment or relief, other than declaratory relief, may be sought or granted as to any such individuals in the Action;

e. to the extent that prior to the dates each of the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 there was counsel of record for the Debtors in the Action, such counsel has not been authorized by the Bankruptcy Court to continue to represent the Debtors, and therefore, no prior counsel of record

    should be required or permitted to continue to act to defend the Debtors in the Action (subject to any determination by the court presiding in the Action that regardless of such circumstances, an entity defendant requires counsel of record); and

 f. the automatic stay and the Plan Injunction, as they are modified by this Order, do not act as a stay against Plaintiff's claims for monetary damages, injunctive relief, and/ or declaratory relief against JPMorgan Chase Bank, N.A. ("Chase") (erroneously sued in the Action as "Chase Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") in the Action, or Chase's or MERS' defense against those claims, including without limitation the State Court's entry of an order dismissing the entirety of the Action with prejudice, against one or all defendants.

2. This Order is immediately effective and enforceable upon entry hereof and is not stayed by operation of law, notwithstanding the stay provisions of any applicable Bankruptcy Rules.

3. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware

  April __22__, 2014

               _____
               The Honorable Brendan Linehan Shannon
               United States Bankruptcy Judge

WCSR 31960505v1