

**WOMBLE CARLYLE SANDRIDGE & RICE**
A LIMITED LIABILITY PARTNERSHIP

222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

Telephone: (302) 252-4320
Fax: (302) 252-4330
www.wcsr.com

Ericka F. Johnson
Attorney
Direct Dial: (302) 252-4337
Direct Fax: (302) 661-7737
E-mail: erjohnson@wcsr.com

October 24, 2014

**BY EMAIL AND FIRST CLASS MAIL**
Mr. Thomas Kirkpatrick
3509 Quincy Avenue
Simi Valley, CA 93063
janietom@hotmail.com

RE: In re Prommis Holdings, LLC, et al. – Case No. 13-10551 (BLS)

Dear Mr. Kirkpatrick:

On March 18 and June 25, 2013, Prommis Solutions, LLC together with certain of its affiliates and subsidiaries (collectively, the "Debtors") filed petitions with this Court under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 19, 2013, the Court entered an order (the "Confirmation Order") confirming the Debtors' First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code (Docket No. 747) (the "Plan"). The Plan became effective on December 27, 2013 (the "Effective Date"), upon which date the Plan, among other things, vested all of the Debtors' remaining property rights in The Prommis Liquidating Trust. See Confirmation Order ¶ 12 and Plan § 6.5. We represent the Liquidating Trustee under the Plan.

We write this letter is in response to your ex parte letter to the Court dated October 16, 2014, requesting the Court's assistance with obtaining a copy of the claim denial letter from AIG, the insurer, to the The Prommis Liquidating Trust, a beneficiary of the insured. It is our understanding that you have written to each of the Debtors' insurance carriers asserting claims against the Debtors directly with such carriers. Previously, you requested information about a claim you filed with AIG. You were informed that AIG denied the claim, and you subsequently requested that the Liquidating Trustee provide you with a copy of the AIG denial letter. The denial letter from the insurance carrier to Liquidating Trustee was a communication between the insurer and the insured, and we are aware of no authority that would require the Liquidating Trustee to provide you with a copy of the denial letter. Likewise, you have not provided any such authority. Equally as important, you are enjoined from pursuing any claim against any of the Debtors.

On July 23, 2013, the Court entered the Order Pursuant to Sections 501, 502 and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e) Establishing Bar Date for Filings of Proofs of Claim and Approving the Form and Manner of Notice Thereof in the Cases of EC Closing Corp. (f/k/a Cal-Western Reconveyance Corp.); EC Posting Closing Corp. (f/k/a Reliable Reconveyance Corp.); and EC Closing Corp. of



Thomas Kirkpatrick
October 24, 2014
Page 2

Washington (f/k/a Cal-Western Reconveyance Corp. of Washington) (the "EC Bar Date Order") (Docket No. 478), which, among other things, established September 16, 2013, at 5:00 p.m. (Eastern Time) (the "EC General Bar Date") as the last date for persons or entities holding a claim (as such term is defined at Bankruptcy Code section 101(5)) against the debtors in those cases to file a proof of claim form with respect to such claim.

On December 9, 2013, almost three (3) months after the EC General Bar Date, you filed the enclosed proof of claim (the "Claim") in the amount of $13,310,840.80 against debtor EC Closing Corp., stating that the basis of your Claim is "elder abuse." As an initial matter, and without addressing the substantive merits of your Claim, you are barred from seeking any relief against the estates of any of the Debtors in respect of the Claim because your Claim is untimely, and therefore, not allowed under the terms of the Plan. See Plan § 1.9.

We understand that in your communications with various insurance carriers you have characterized your Claim as a claim for negligence and vicarious liability for wrongful foreclosure of an investment property located in Lancaster, CA that occurred on or about December 31, 2009. We are aware of no litigation commenced prior to the Petition Date (which litigation is now enjoined by Plan § 11.5) to support your alleged Claim. Further, no supporting documentation was included with your Claim. Accordingly, while I understand your frustration with the Liquidating Trustee's decision not to provide you with a copy of the AIG denial letter, you are not entitled to receive it or any other communication from the Debtors' insurance carriers to the Liquidating Trustee. The Liquidating Trustee also does not intend to expend the limited resources of The Prommis Liquidating Trust researching, challenging, or disputing AIG or any other insurance carriers' denial of your Claim against such carriers, particular where your Claim is barred under the EC Bar Date Order and enjoined under the Plan.

Please note that we do not represent you or your interests. If you have any questions or concerns about your rights and/or remedies, you are encouraged to consult an attorney.

Very truly yours,

WOMBLE CARLYLE SANDRIDGE & RICE
*A Limited Liability Partnership*

Ericka F. Johnson

Ericka F. Johnson

Enclosure

Cc:     The Honorable Brendan Linehan Shannon

WCSR 33144786v3

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: EC Closing Corp.

Case Number: 13-11619

*DEC -9 AM 9:27*
*CLERK*
*US BANKRUPTCY COURT*
*DISTRICT OF DELAWARE*

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): Thomas Kirkpatrick    6675

Name and address where notices should be sent:
3509 Quincy Ave., Simi Valley, Ca 93063

Telephone number: 805-522-3902    email: Janietom@hotmail.com

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
(If known)
Filed on: _____

Name and address where payment should be sent (if different from above):
USBC DISTRICT COURT OF DELAWARE
DEBTOR: PROMMIS HOLDINGS, LLC
CHAPTER 11 CASE NO. 13-10551 (BLS)
CLAIM NUMBER: 00415

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:   $ 13,310,840.80

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: ELDER ABUSE
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: 09-14

3a. Debtor may have scheduled account as: CAL-WESTERN RECON. CORP.
   (See instruction #3a)

3b. Uniform Claim Identifier (optional): _____
   (See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ [redacted]

Annual Interest Rate ___ % ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $ _____

Basis for perfection: _____

Amount of Secured Claim:  $ _____

Amount Unsecured:  $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority: $ _____

*Amounts are subject to adjustment on 4/01/'16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

131200415001

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:     SEE ATTACHED LETTER.

**8. Signature:** (See instruction #8)

Check the appropriate box.

☒ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: THOMAS KIRKPATRICK
Title: N/A
Company: N/A
Address and telephone number (if different from notice address above):

(Signature) Thomas Kirkpatrick    (Date) 12/3/2013

Telephone number:        email:

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

November 18, 2013

United States Bankruptcy Court
District of Delaware
824 Market Street North
Third Floor
Wilmington, DE 19807

Attn: Claims Department

RE:   Insured:        EC Closing Corp aka Cal-Western Reconveyance
                      Corporation
      Claimant:       Thomas Kirkpatrick
      DOL:            January 13, 2013
      Case No.:       13-11619

To Whom It May Concern;

I wish to file an insurance claim to the general liablity and E&O insurance carriers of the above referenced entities prior to the current bankrupcy situation. Cal-Western Reconveyance Corporation had refused to provide this information prior to the bankruptcy.

The relevant policies would have been in effect from 2009 to the present.

Please forward the insurance carriers' policy information to: 3509 Quincy Ave., Simi Valley, California 93063.

Very truly yours,

*Thomas Kirkpatrick*

Thomas Kirkpatrick
805-522-3902
janietom@hotmail.com

131200415003