Valerie Lopez
158 N. Center Street
Orange CA 92866
714-769-2800
2rms@sbcglobal.net           March 5, 2015

U.S. Trustee - US Bankruptcy Court Delaware
824 N. Market Street
6th Floor
Wilmington DE 19801          Prommiss Solutions Holding Corporation Case No. 13-10551 and Court
                             Authorizing Subsidary Pite Duncan LLP to Proceed with Business Activities.

Dear Honorable U.S. Trustee:

Enclosed please find a subpoena requesting the court order which permits law firm Pite Duncan LLP to proceed with legal representation business activities while its parent company Prommis Solutions Holding Corporation is currently reorganizing with Bankruptcy 11 proceedings.

The subpoena is also requesting that the US Bankruptcy Court provide copies of Court Orders which permit the varied businesses/ assets recently purchased by Pite Duncan LLP subsidiary of Prommis Solutions Holding Corporation to continue operations i.e. a trustee business residing in office of Pite Duncan LLP located at 4375 Jutland Drive San Diego CA 92177.

The subpoena is also requesting verification in report form of Bar Date for claimant's to file their Proof of Claims.

Sincerely,

*[signature]*
Valerie Lopez

Use these links to rapidly review the document
TABLE OF CONTENTS
INDEX TO CONSOLIDATED FINANCIAL STATEMENTS

Table of Contents

As filed with the Securities and Exchange Commission on April 23, 2010

No. 333-

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## FORM S-1
REGISTRATION STATEMENT
UNDER
THE SECURITIES ACT OF 1933

# Prommis Solutions Holding Corp.
(Exact name of registrant as specified in its charter)

| Delaware | 7380 | 20-4169955 |
|---|---|---|
| (State or other jurisdiction of incorporation or organization) | (Primary Standard Industrial Classification Code Number) | (I.R.S. Employer Identification No.) |

400 Northridge Road
Atlanta, Georgia 30350
(877) 685-3453
(Address, including zip code, and telephone number, including area code, of registrant's principal executive offices)

Denis A. Brosnan, Jr.
Chief Executive Officer
Prommis Solutions Holding Corp.
400 Northridge Road
Atlanta, Georgia 30350
(877) 685-3453
(Name, address, including zip code, and telephone number, including area code, of agent for service)

*Copies of all communications, including communications sent to agent for service, should be sent to:*

| | |
|---|---|
| **James S. Rowe** | **William J. Schnoor, Jr.** |
| **William R. Burke** | **Kenneth J. Gordon** |
| **Kirkland & Ellis LLP** | **Goodwin Procter LLP** |
| **300 North LaSalle** | **53 State Street** |
| **Chicago, Illinois 60654** | **Boston, Massachusetts 02109** |
| **(312) 862-2000** | **(617) 570-1000** |

**Approximate date of commencement of proposed sale to the public:** As soon as practicable after this Registration Statement becomes effective. If any of the securities being registered on this Form are to be offered on a delayed or continuous basis pursuant to Rule 415 under the Securities Act, check the following box: ☐

If this Form is filed to register additional securities for an offering pursuant to Rule 462(b) under the Securities Act, please check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a post-effective amendment filed pursuant to Rule 462(c) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a post-effective amendment filed pursuant to Rule 462(d) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act (Check one):

| | |
|---|---|
| Large accelerated filer ☐ | Accelerated filer ☐ |
| Non-accelerated filer ☒ (Do not check if a smaller reporting company) | Smaller reporting company ☐ |

## CALCULATION OF REGISTRATION FEE

| Title of Each Class of Securities to be Registered | Proposed Maximum Aggregate Offering Price(1)(2) | Amount of Registration Fee(2) |
|---|---|---|
| Common Stock, $0.01 par value per share | $150,000,000 | $10,695 |

(1) Includes the offering price of shares of common stock that may be sold if the over-allotment option granted by us to the underwriters is exercised in full.

(2) Estimated solely for the purpose of calculating the registration fee pursuant to Rule 457(o) under the Securities Act.

**The registrant hereby amends this Registration Statement on such date or dates as may be necessary to delay its effective date until the registrant shall file a further amendment which specifically states that this**

Registration Statement shall thereafter become effective in accordance with Section 8(a) of the Securities Act of 1933 or until this Registration Statement shall become effective on such date as the Commission, acting pursuant to said Section 8(a), may determine.

Table of Contents

The information in this prospectus is not complete and may be changed. We may not sell these securities until the registration statement filed with the Securities and Exchange Commission is effective. This prospectus is not an offer to sell these securities and it is not soliciting an offer to buy these securities in any state where the offer or sale is not permitted.

**SUBJECT TO COMPLETION, DATED APRIL 23, 2010.**

**PROSPECTUS**

**Shares**

# Prommis Solutions Holding Corp.

Common Stock

We are selling             shares of common stock.

Prior to this offering, there has been no public market for our common stock. The initial public offering price per share of the common stock is expected to be between $      and $      . We intend to apply to list our common stock on the             under the symbol "      ."

The underwriters have an option to purchase a maximum of             additional shares to cover over-allotment of shares.

**Investing in our common stock involves risks. See "Risk Factors" beginning on page 10.**

|  | Price to Public | Underwriting Discounts and Commissions | Proceeds to Prommis Solutions Holding Corp. |
|---|---|---|---|
| Per share | $ | $ | $ |
| Total | $ | $ | $ |

Delivery of the shares of common stock will be made on or about             , 2010.

32

Table of Contents

## MANAGEMENT'S DISCUSSION AND ANALYSIS OF
## FINANCIAL CONDITION AND RESULTS OF OPERATIONS

*The following discussion summarizes the significant factors affecting the consolidated operating results, financial condition, liquidity and cash flows of our company as of and for the periods presented below. The following discussion and analysis should be read in conjunction with the consolidated financial statements and the related notes thereto included elsewhere in this prospectus. This discussion contains forward-looking statements that are based on the beliefs of our management, as well as assumptions made by, and information currently available to, our management. Actual results could differ materially from those discussed in or implied by forward-looking statements as a result of various factors, including those discussed below and elsewhere in this prospectus, particularly in the section entitled "Risk Factors."*

**Overview**

We are a leading provider of technology-enabled processing services for the default resolution sector of the residential mortgage industry in the United States. We combine the people, processes and technologies necessary to quickly and accurately process default resolution transactions in large volumes. Our solutions support the full lifecycle of mortgage loans in default and include foreclosure, bankruptcy, loss mitigation and loan settlement processing, as well as posting and publication, tax examination, title search and other related document management and production services. For these services we earn processing fees on a per transaction basis. We estimate that the market for residential mortgage default resolution processing services in the United States was approximately $4.0 billion in 2009, and that we are one of the largest service providers with approximately 6% of the market based on revenue. In 2009, we generated $254.9 million of revenue, an increase of 32.1% from 2008.

We currently provide foreclosure processing services in 18 U.S. states and bankruptcy and loss mitigation processing services in all 50 states. Our customers include the top ten mortgage servicers in the United States as measured by total dollar volume of mortgage loans serviced in 2009 and law firms with large practices in mortgage default resolution. We have long-standing relationships with our mortgage servicer customers and, through our acquired operations, have worked with our top ten customers for an average of over 15 years.

**Our History**

As a stand-alone business and through our acquired operations, we have been providing mortgage default resolution services for 28 years. We began our operations as a stand-alone business on February 24, 2006 when we acquired the mortgage default resolution processing operations of McCalla Raymer, a real estate law firm based in Atlanta, Georgia. At the time of the acquisition, these operations were providing foreclosure and REO loan settlement services in Georgia and bankruptcy processing services nationally. This acquisition provided the core case management and document production capabilities upon which we have built our technology platform. Since that time, we have expanded our geographic footprint, operations, technology platform and suite of solutions both organically and through the following four acquisitions in 2007.

- On February 2, 2007, we acquired the foreclosure and bankruptcy processing operations of Morris, Schneider & Prior LLC, now known as Johnson & Freedman, LLC ("Johnson & Freedman"), which expanded our geographic reach into Alabama, Mississippi, North Carolina, South Carolina, Tennessee and Virginia and increased our leading market position in Georgia.

- On February 2, 2007, we acquired a portion of the REO loan settlement processing operations of Morris, Hardwick & Schneider, LLC ("Morris Hardwick"). This acquisition increased our presence in Georgia and expanded our geographic reach into Alabama, Mississippi, North Carolina, South Carolina and Tennessee.

Table of Contents

- On November 14, 2007, we acquired the bankruptcy processing operations of Pite Duncan, LLP ("Pite Duncan"), which expanded our geographic presence into Alaska, Arizona, California, Hawaii, Idaho, Nevada, Oregon, Texas, Utah and Washington.

- On November 14, 2007, we acquired Cal-Western, a trustee company, and certain related subsidiaries, through which we provide foreclosure services directly to mortgage servicers in Alaska, Arizona, California, Hawaii, Idaho, Nevada, Oregon, Texas, Utah and Washington. In addition to geographic expansion, this acquisition provided the core technology for providing foreclosure processing in trustee states that further enhanced our proprietary technology platform.

In connection with each of the law firm asset acquisitions, we entered into 20-year contracts with each of these law firms pursuant to which we serve as their exclusive provider of processing services for their mortgage default transactions. Revenue generated through our law firm customers accounted for 61.0% of our total revenue in 2009. Revenue generated by Cal-Western accounted for 38.3% of our total revenue in 2009.

In addition to expansion through acquisitions, we have also expanded our geographic reach as our law firm customers have expanded into new states. In 2008, we began providing our mortgage default processing services to McCalla Raymer in Tennessee and Alabama. In 2009, we began offering our mortgage default processing services in Florida to Johnson & Freedman. We have also expanded the services that we provide to existing and new customers, such as new loss mitigation services which we introduced in 2009 in response to the demand for alternatives to foreclosure of delinquent mortgages.

**Key Financial Measures**

The following discussion sets forth certain key components of our statements of operations as well as factors that impact those items.

*Revenue*

We generate revenue by providing mortgage default resolution processing services directly to mortgage servicers and indirectly through our law firm customers. Our revenue is derived from processing foreclosure and bankruptcy transactions, as well as other transactions, including loss mitigation and REO loan settlement. Our revenue from foreclosure transactions also includes revenue from related loan services including posting and publication, automated mail services, tax searches and title examinations.

We generally charge a transaction-based fee for each service that we provide, and the fees for our services are based on contractual arrangements with our mortgage servicer, law firm and other customers. In the trustee states in which we operate, pricing for foreclosures services is based upon schedules set by GSEs such as Fannie Mae and Freddie Mac. Any changes made by these GSEs to the allowable fee schedules typically result in an adjustment of our contractual fee arrangements. In non-trustee states, our fees for foreclosure services are based on fees negotiated

# Prommis® SOLUTIONS

People
Performance
Solutions

**Prommis® Solutions** provides non-legal* component processing services in foreclosure matters for mortgage servicers, asset managers, investors, insurers, and law firms, offering solutions that drive efficient, accurate results.

## Prommis Foreclosure Services

Prommis currently provides processing services to several industry-recognized law firms. Additionally, Prommis owns one of the largest trustee companies in the nation that handles foreclosure matters in 10 Trustee States. Overall, Prommis handles foreclosures across an 18-state footprint covering the Western, Southwestern, and Southeastern US.

As the non-legal processing engine for several industry recognized law firms, and through its wholly-owned subsidiary, Cal-Western Reconveyance Corporation in conjunction with Pite Duncan, LLP, Prommis works with over 400 major servicers, investors and lenders, and processes over 150,000 foreclosure cases per year.

## Flexible Solutions to Ensure Compliance

By offering flexible solutions and a nationwide compliant process at all stages in the default administration process, including foreclosure or bankruptcy, Prommis assists its clients with meeting the ever changing regulatory and compliance needs of the default services industry while also maintaining a cost effective balance of staff and outsourced services.

## Dedicated Teams & Technology

Prommis provides each client with a specialized team of foreclosure processing specialists dedicated to managing non-legal aspects of the foreclosure process. Prommis' proprietary case management systems produce detailed and client-specific workflow reports, facilitating efficient, effective, and accurate processing of each foreclosure case.

Prommis foreclosure specialists have extensive experience working with industry-leading case management systems such as LPS Desktop™, VendorScape™, LenStar, and other loan servicing platforms, enabling Prommis teams to provide status updates directly in the clients' systems, as necessary.

**Prommis provides the following services in foreclosure matters to our law firm clients:**

- Monitoring of cases for compliance with client and investor timelines
- Coordination of communication with all interested parties
- Ordering and review of title work
- Title curative actions, including manufactured housing title
- Posting of notices and coordination of publications
- Foreclosure sale attendance and second mortgage bidding
- Facilitation of deed recording
- Processing and recording of assignments
- Deed-in-Lieu preparation and recording
- HUD Partial Claims
- Detailed, client-specific reporting



...nily of Companies

 Prommis   RELIABLE POSTING PUBLISHING    Interface Inc.   SWTT Statewide Tax & Title

| | SUBP-002 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Valerie A. Lopez<br>158 N. Center Street Orange CA 92866<br>TELEPHONE NO.:                          FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |

| NAME OF COURT: | Superior Court of California |
|---|---|
| STREET ADDRESS: | 30755-D Auld Road |
| MAILING ADDRESS: | Same |
| CITY AND ZIP CODE: | Murrieta CA 92563 |
| BRANCH NAME: | Southwest Justice Center |

PLAINTIFF/ PETITIONER: Federal Home Loan Mortgage Corp.
DEFENDANT/ RESPONDENT: Mike Ferreira et al

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | CASE NUMBER:<br>SWC 1403569 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of witness, if known):*
~~V.L.~~
~~U.S. Bankruptcy Court-Delaware~~ 824 N. Market Street 6th Floor Wilmington DE 19801   V.L. U.S. Trustee

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below. V.L.

   a. Date: 3/24/2015   Time: 8:30 AM   ☐ Dept.:   ☑ Div.: J   ☐ Room: S205
   b. Address: 30755-D Auld Road Murrieta CA 92563

2. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

3. **YOU ARE** *(item a or b must be checked)*:
   a. ☐ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.
   b. ☑ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1.
   (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**
   a. Name of subpoenaing party or attorney: Valerie A. Lopez   b. Telephone number: 714 769-2800

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued: 2/4/15

T. DANIELS
(TYPE OR PRINT NAME)

(SIGNATURE OF PERSON ISSUING SUBPOENA)
CSA II
(TITLE)

(Declaration in support of subpoena on reverse)   Page 1 of 3

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-002 [Rev. January 1, 2012]<br>CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION<br>Code of Civil Procedure, § 1985 et seq.<br>www.courts.ca.gov

## Affidavit in Support of Civil Subpoena

I, Valerie A. Lopez, the undersigned, a party to case SWC1403569.

1. Provide U.S. Trustee written order permitting subsidiary company of Prommis Solutions Holding Corporation - Pite Duncan LLP to proceed with legal representation business activities while parent company Prommis Solutions Holding Corporation conducts Bankruptcy 11 reorganization proceedings Case 13-10551 BLS.

2. Provide U.S. Trustee written order which permits the varied businesses and assets purchased by Pite Duncan LLP (from its Parent Company Prommis Solutions Holding Corporation) to continue while the parent company Prommis Solutions Holding Corporation conducts Bankruptcy reorganization proceedings Case 13-10551.

3. Provide Bar Date for filing claims for Case 13-10551.

7. All State of California Filed Statement of Information confirming Mortgage Electronic Registration Systems Inc. was authorized to conduct business in the State of California in 2005 and 2006.

5. A verification and certification, in accord with 28 USC§ 1738 & 1739 and California Code of Civil Procedure§ 2105.5, that a bona fide debt exists and that all of the foregoing documents supplied are true and correct under penalty of perjury.

II. Good cause exists for the production of the documents or others things listed above, because they have a direct relation to the evidence of debt and the contractual obligations of the parties.

III. These documents or other things are direct and material evidence pertaining to the disputed debt and the rights and obligation of the parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
March 4, 2015

*Valerie A. Lopez* (signature)
Valerie A. Lopez

| | | SUBP-002 |
|---|---|---|
| PLAINTIFF/PETITIONER: Federal Home Loan Mortgage Corp. | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: Mike Ferreira, et al | SWC 1403569 | |

The production of the documents, electronically stored information, or other things sought by the subpoena on page one is supported by *(check one)*:

[✓] the attached affidavit or     [ ] the following declaration:

### DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AT TRIAL OR HEARING
(Code Civ. Proc., §§ 1985,1987.5)

1. I, the undersigned, declare I am the  [ ] plaintiff  [ ] defendant  [ ] petitioner  [ ] respondent
   [ ] attorney for *(specify)*:                  [ ] other *(specify)*:
   in the above-entitled action.

2. The witness has possession or control of the documents, electronically stored information, or other things listed below, and shall produce them at the time and place specified in the Civil Subpoena for Personal Appearance and Production of Records at Trial or Hearing on page one of this form *(specify the exact documents or other things to be produce; if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified)*:

   [ ] Continued on Attachment 2.

3. Good cause exists for the production of the documents, electronically stored information, or other things described in paragraph 2 for the following reasons:

   [ ] Continued on Attachment 3.

4. The documents, electronically stored information, or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

   [ ] Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 4, 2015

Valerie A. Lopez
(TYPE OR PRINT NAME)

▶ /s/ Valerie A. Lopez
(SIGNATURE OF  [✓] SUBPOENAING PARTY     [ ] ATTORNEY FOR SUBPOENAING PARTY)

---

### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the date on which you are to appear. Contact the clerk's office or go to www.courts.ca.gov/forms for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)



---

(Proof of service on page 3)

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: Federal Home Loan Mortgage Corp. | CASE NUMBER: | **SUBP-002** |
| DEFENDANT/RESPONDENT: Mike Ferreira, et al | SWC 1403569 | |

**PROOF OF SERVICE OF CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

1. I served this *Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and Declaration* by personally delivering a copy to the person served as follows:

    a. Person served *(name)*:

    b. Address where served:



    c. Date of delivery:

    d. Time of delivery:

    e. Witness fees *(check one)*:
        (1) ☐ were offered or demanded and paid. Amount: ...... $ _____
        (2) ☐ were not demanded or paid.

    f. Fee for service: ............... $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
    a. ☐ Not a registered California process server.
    b. ☐ California sheriff or marshal.
    c. ☐ Registered California process server.
    d. ☐ Employee or independent contractor of a registered California process server.
    e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
    f. ☐ Registered professional photocopier.
    g. ☐ Exempt from registration under Business and Professions Code section 22451.
    h. Name, address, telephone number, and, if applicable, county of registration and number:




**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**California Evidence Code**

1560. (a) As used in this article:
 (1) "Business" includes every kind of business described in Section 1270.
 (2) "Record" includes every kind of record maintained by a business.
 (b) Except as provided in Section 1564, when a subpoena duces tecum is served upon the custodian of records or other qualified witness of a business in an action in which the business is neither a party nor the place where any cause of action is alleged to have arisen, and the subpoena requires the production of all or any part of the records of the business, it is sufficient compliance therewith if the custodian or other qualified witness delivers by mail or otherwise a true, legible, and durable copy of all of the records described in the subpoena to the clerk of the court or to another person described in subdivision (d) of Section 2026.010 of the Code of Civil Procedure, together with the affidavit described in Section 1561, within one of the following time periods:
 (1) In any criminal action, five days after the receipt of the subpoena.
 (2) In any civil action, within 15 days after the receipt of the subpoena.
 (3) Within the time agreed upon by the party who served the subpoena and the custodian or other qualified witness.
 (c) The copy of the records shall be separately enclosed in an inner envelope or wrapper, sealed, with the title and number of the action, name of witness, and date of subpoena clearly inscribed thereon; the sealed envelope or wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and directed as follows:
 (1) If the subpoena directs attendance in court, to the clerk of the court.
 (2) If the subpoena directs attendance at a deposition, to the officer before whom the deposition is to be taken, at the place designated in the subpoena for the taking of the deposition or at the officer's place of business.
 (3) In other cases, to the officer, body, or tribunal conducting the hearing, at a like address.
 (d) Unless the parties to the proceeding otherwise agree, or unless the sealed envelope or wrapper is returned to a witness who is to appear personally, the copy of the records shall remain sealed and shall be opened only at the time of trial, deposition, or other hearing, upon the direction of the judge, officer, body, or tribunal conducting the proceeding, in the presence of all parties who have appeared in person or by counsel at the trial, deposition, or hearing. Records that are original documents and that are not introduced in evidence or required as part of the record shall be returned to the person or entity from whom received. Records that are copies may be destroyed.
 (e) As an alternative to the procedures described in subdivisions (b), (c), and (d), the subpoenaing party in a civil action may direct the witness to make the records available for inspection or copying by the party's attorney, the attorney's representative, or deposition officer as described in Section 2020.420 of the Code of Civil Procedure, at the witness' business address under reasonable conditions during normal business hours. Normal business hours, as

used in this subdivision, means those hours that the business of the witness is normally open for business to the public. When provided with at least five business days' advance notice by the party's attorney, attorney's representative, or deposition officer, the witness shall designate a time period of not less than six continuous hours on a date certain for copying of records subject to the subpoena by the party's attorney, attorney's representative, or deposition officer. It shall be the responsibility of the attorney's representative to deliver any copy of the records as directed in the subpoena. Disobedience to the deposition subpoena issued pursuant to this subdivision is punishable as provided in Section 2020.240 of the Code of Civil Procedure.

1561. (a) The records shall be accompanied by the affidavit of the custodian or other qualified witness, stating in substance each of the following:
   (1) The affiant is the duly authorized custodian of the records or other qualified witness and has authority to certify the records.
   (2) The copy is a true copy of all the records described in the subpoena duces tecum, or pursuant to subdivision (e) of Section 1560 the records were delivered to the attorney, the attorney's representative, or deposition officer for copying at the custodian's or witness' place of business, as the case may be.
   (3) The records were prepared by the personnel of the business in the ordinary course of business at or near the time of the act, condition, or event.
   (4) The identity of the records.
   (5) A description of the mode of preparation of the records.
   (b) If the business has none of the records described, or only part thereof, the custodian or other qualified witness shall so state in the affidavit, and deliver the affidavit and those records that are available in one of the manners provided in Section 1560.
   (c) Where the records described in the subpoena were delivered to the attorney or his or her representative or deposition officer for copying at the custodian's or witness' place of business, in addition to the affidavit required by subdivision (a), the records shall be accompanied by an affidavit by the attorney or his or her representative or deposition officer stating that the copy is a true copy of all the records delivered to the attorney or his or her representative or deposition officer for copying.

1562. If the original records would be admissible in evidence if the custodian or other qualified witness had been present and testified to the matters stated in the affidavit, and if the requirements of Section 1271 have been met, the copy of the records is admissible in evidence. The affidavit is admissible as evidence of the matters stated therein pursuant to Section 1561 and the matters so stated are presumed true. When more than one person has knowledge of the facts, more than one affidavit may be made. The presumption established by this section is a presumption affecting the burden of producing evidence.

1271.  Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if:
    (a) The writing was made in the regular course of a business;
    (b) The writing was made at or near the time of the act, condition, or event;
    (c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and
    (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness.